PRICE, Judge.
Plaintiff, an alleged acknowledged natural child of decedent, Jem Herndon, seeks to annul and set aside a prior judgment sending decedent’s widow and collateral relations into possession of the community and separate property left by decedent. Plaintiff alleges the judgment was obtained by fraud or ill practice as the defendants here *464 in did not disclose to the court the fact that decedent left an acknowledged natural child which would have precluded the distribution of decedent’s property as now provided in the judgment.
The trial court sustained exceptions of no cause of action on the basis that plaintiff has no right to inherit from decedent as an acknowledged natural child under La.C.C. Art. 919 since decedent left a spouse and collateral relations. Plaintiff has appealed and we affirm for the reasons assigned.
Plaintiff for the first time raises the issue of the unconstitutionality of C.C. Art. 919 on this appeal. He relies on Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977) and the recent decision of this court in Succession of Brown, 379 So.2d 1172.[1]
The sole basis on which plaintiff has alleged the judgment is invalid is fraud or ill practice because of the failure of the defendants to inform the court of his existence as an acknowledged illegitimate child. At the time of the proceeding on November 9, 1979, there was no decision of an appellate court of this state holding Art. 919 unconstitutional. Therefore defendants had no reason or duty to advise the court of plaintiff’s existence as he was not a presumptive heir under the provisions of Art. 919.
The general rule is that a question of constitutionality must be raised by affirmative pleadings in the trial court or it will not be considered on appeal. State of La. v. Madere, 352 So.2d 666 (La.1977).
In any event even if Succession of Brown is ultimately affirmed by the Louisiana Supreme Court and Art. 919 is ruled unconstitutional, it should not be given retroactive effect and would not afford plaintiff the relief sought in this proceeding.
By analogy see Kirchberg v. Feenstra, 609 F.2d 727 (5th Cir. 1979) and Lovell v. Lovell, 378 So.2d 418 (La.1979).
For the foregoing reasons we find no error in the judgment sustaining the exceptions of no cause of action and rejecting plaintiff’s demand. The judgment is affirmed at appellant’s costs.

. The Brown decision held C.C. Art. 919 to be unconstitutional in that it discriminates against acknowledged illegitimates and therefore is contrary to both the United States and Louisiana constitutions. Writs in the Brown decision have been granted by the Louisiana Supreme Court.