397 So.2d 830 (1981)
SUCCESSION of Henry ROSS.
No. 10896.
Court of Appeal of Louisiana, Fourth Circuit.
March 11, 1981.
Lacour & Calloway, Vanue B. Lacour, Baton Rouge, for Zirlee Henderson Nelson, Elizabeth Henderson Ingram and David Henderson, appellees.
Before REDMANN, BOUTALL and CHEHARDY, JJ.
CHEHARDY, Judge.
Henry Ross was married twice, although he had no children from either marriage. After he died on August 11, 1971, his widow was placed in possession of all of his property (under LSA-C.C. art. 916) on September 28, 1971. Petitioners, alleging that they are the acknowledged illegitimate children of Henry Ross, now ask that that judgment of possession be annulled and that they be declared the heirs of Henry Ross. The district court maintained the exceptors' exception of no cause of action and dismissed the demands of the petitioners.
LSA-C.C. art. 919 prohibits acknowledged natural children from inheriting intestate from their natural father when he has a surviving wife. This article, however, was expressly declared unconstitutional by the Louisiana Supreme Court in the case of Succession of Brown, 388 So.2d 1151 (La. 1980), relying on the case of Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 1459 (1977), and agreeing that innocent children should not suffer for the promiscuous adventures of their parents.
In Lovell v. Lovell, 378 So.2d 418 (La. 1979), the Supreme Court addressed itself to the issue of when a decision which declares an article of the Louisiana Civil Code to be unconstitutional should be given retroactive effect and stated at pages 421-422:

*831 "In determining whether or not our decision should be given retroactive effect, three factors should be considered: (1) the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective application will further or retard its operation; and (3) the inequity imposed by retroactive application must be weighed. Chevron Oil Company v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)."
The court in Lovell, upon consideration of these factors, concluded that its decision declaring LSA-C.C. art. 160 (as it read prior to the 1979 amendment making it gender-neutral) unconstitutional should not be applied retroactively. In the present case, the declaration of the unconstitutionality of LSA-C.C. art. 919 in Succession of Brown, supra, certainly establishes a new precedent of law in that an acknowledged illegitimate can now maintain intestate succession rights to his father's estate even if other relatives exist. Furthermore, a prior decision of the United States Supreme Court specifically held that LSA-C.C. art. 919 was constitutional, Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971). Certainly in the present case, as in Lovell, substantial inequity would result if all prior judgments of possession which relied on the substantive law of LSA-C.C. art. 919 were declared invalid, and such a holding would engender new litigation in each case where there had been such a justified reliance. As noted in Lovell, where such a decision could produce substantial inequitable results if applied retroactively, there is ample basis for avoiding the injustice or hardship by a holding of nonretroactivity. Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969).
Accordingly, although the Supreme Court did not address itself to the issue of the retroactive application of its declaration of the unconstitutionality of LSA-C.C. art. 919 in Succession of Brown, supra, we hold that that declaration should only be applied prospectively from the September 3, 1980 decision.
For the reasons assigned, the decision of the district court is affirmed.
AFFIRMED.
REDMANN, J., dissents with written reasons.
REDMANN, Judge, dissenting.
Henry Ross was married twice but had no children from either marriage. He died August 11, 1971, and on September 28, 1971 a judgment placed his widow, Rebecca Henderson Ross, in possession of all his property, recognizing her as owner of half as surviving spouse in community and as heir under La. C.C. 916 to her husband's half because he left "neither father nor mother nor descendants." Rebecca thereafter died, on a date not shown by this record. Her succession proceeding had not yet been opened when the petition now before us was filed in the succession of Henry, naming as defendants the intestate heirs of Rebecca. Petitioners allege that they are acknowledged illegitimate children of Henry and they ask that the 1971 judgment of possession be annulled and that they be declared Henry's heirs.
The petition was dismissed on exception of no cause of action and petitioners now appeal.
The Equal Protection clause, U.S.Const. Amend. 14, prevents "discrimination against illegitimates in a state intestate succession law." Trimble v. Gordon, 1977, 430 U.S. 762, 774, 97 S.Ct. 1459, 1467, 52 L.Ed.2d 31. Louisiana's Civil Code article 919 to the contrary is therefore unconstitutional; Succession of Brown, La.1980, 388 So.2d 1151.[1] The same reasoning dictates *832 that, because legitimate descendants omitted from a succession proceeding are allowed to assert their claims even more than 30 years after a judgment of possession in their grandfather's succession, Sun Oil Co. v. Tarver, 1951, 219 La. 103, 52 So.2d 437, plaintiff illegitimates can equally assert their claims a mere eight years after a judgment of possession in their father's succession. Whatever disturbance of land titles and orderly distribution of property may occur because heirs come late into a succession is the same whether the claimants are legitimate or illegitimate.[2] See Brown, above.
To the argument that judges' rules outrank the United States Constitution, and that judges who cannot escape declaring a statute unconstitutional may nevertheless escape the unwelcome effect of the unconstitutionality (or may punish the litigant who forced its declaration) by making up a rule that the unconstitutionality is "prospective," the answer is that the supremacy clause, U.S.Const. art. VI cl. 2, grants no such supremacy to judges' rules.
The judgment should be reversed and the exception overruled.
NOTES
[1] It is true, as appellees argue, that Brown relied on La.Const. art. 1 § 3 (adopted in 1974 after our decedent's death), making Brown's reliance on U.S.Const. Amend. 14 "unnecessary." But the fact is the 14th Amendment ruling was the court's first reasoning and the court developed it at great length.

Appellees also argue that as to community property the surviving spouse already owns half in his or her own right and the inheritance of the deceased spouse's half can reasonably be treated differently from the inheritance of separate property. But community property is not excluded from inheritance by legitimate children and therefore cannot be excluded from inheritance by illegitimate children.
[2] Allen v. Anderson, La.App.Orl. 1951, 55 So.2d 596, upheld the claim of acknowledged illegitimate children against a third person who had bought formerly community property from their mother's husband after the husband was placed in possession by judgment in the mother's succession based on an erroneous affidavit of heirship. Similarly Succession of Rosinski, La.App. 3 Cir. 1963, 158 So.2d 467, upheld the claim of the children of predeceased siblings of a decedent against a third person who had bought from decedent's sister after the sister was placed in possession by judgment in decedent's succession, based on a forged will. Thus, as Allen and Rosinski demonstrate, the theory of stability of land titles is, to some extent, an overstatement generated by wishful thinking. Louisiana has given other goals a higher priority and has committed "stability" of land titles derived from a decedent's succession to statutes establishing the ten- and 30-year acquisitive prescriptions for possessors in good and bad faith, C.C. 3478 and 3499, and the liberative prescriptions of five years against actions to probate a will, R.S. 9:5643, and of ten years to assert heirship against a third person who acquired from persons holding under a judgment of possession, R.S. 9:5682.