411 So.2d 581 (1982)
Eddie HARLAUX, Roland Harlaux, Leon Harlaux, Lionel Harlaux, Cecil Harlaux and Stella Harlaux Manchester
v.
Leroy HARLAUX.
No. 14614.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
Writ Granted May 7, 1982.
*582 Keith B. Nordyke, Moore & Walters, Baton Rouge, for appellants-plaintiffs.
John Wayne Jewell, New Roads, for appellee-defendant.
Before ELLIS, LOTTINGER and PONDER, JJ.
LOTTINGER, Judge.
This is a petitory action by plaintiffs, Eddie Harlaux, Roland Harlaux, Leon Harlaux, Lionel Harlaux, Cecile Harlaux and Stella Harlaux Manchester, against the defendant, Leroy Harlaux. From a judgment maintaining peremptory exceptions of prescription and no cause of action, plaintiffs have appealed.

FACTS
Plaintiffs claim that the defendant is the possessor of certain immovable property, to wit:
A certain tract of land with all the buildings and improvements thereon, situated on the Island of False River in the Parish of Pointe Coupee, State of Louisiana, fronting four and one half (4 & ½) arpents on said False River by a depth of forty (40) arpents, the side lines closing towards the rear according to titles, which tract of land contains One Hundred Thirty & 00/100 (130.00) acres, more or less, and is bounded on one side by property belonging to Albert Bergeron and on the other side by property belonging to Mrs. Eustis Lebeau,
in which plaintiffs have a one-third interest and pray that the property be partitioned.
The petition alleges that the property in question was acquired by Vileor Harlaux in 1935, that Vileor Harlaux died in 1938 leaving three children, namely Adese Harlaux, Leroy Harlaux, and Pearl Harlaux, and the plaintiffs are the children and heirs of Adese Harlaux. Plaintiffs claim that Adese Harlaux inherited a one-third interest in this property from his father, and as the children and heirs of Adese Harlaux plaintiffs also inherited this one-third interest.
Defendant filed an exception of no cause of action grounded on the proposition that plaintiffs failed to allege facts which prove valid title in themselves. Plaintiffs allege they are the heirs of Vileor Harlaux but failed to allege the legitimacy of their descent from Vileor Harlaux.
In sustaining the exception of no cause of action the trial judge held Succession of Brown, 388 So.2d 1151 (La.1980) applied prospectively only, and that the one year grace period granted in Act 549 of the 1980 Regular Session was inapplicable.[1]
*583 The exception of prescription is based on La.R.S. 9:5682[2] and the fact that when Vileor Harlaux died intestate in 1938, he left neither ascendants nor legitimate descendants, thus his estate was inherited by his sister Marie Louise Harlaux.[3] Marie Louise donated a part of the subject property to defendant, Leroy Harlaux, on May 24, 1951, and Leroy Harlaux inherited the remainder of the subject property as a legatee in the Succession of Marie Louise Harlaux, No. 3735 on the Docket of the Eighteenth Judicial District Court, in and for the Parish of Pointe Coupee, Louisiana by judgment of possession dated September 7, 1951.
*584 The trial judge held that Leroy Harlaux was a third party as to Vileor Harlaux's succession, had held said property in excess of 10 years, and La.R.S. 9:5682 was thus applicable.

SPECIFICATION OF ERROR
In appealing plaintiffs alleged the trial judge erred in sustaining both exceptions.

PRESCRIPTION
Plaintiffs argue that the state's interest in stable land titles as recognized in Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978) "must yield to constitutional mandates," citing Succession of Brown, supra. Continuing, they argue that Section 4 of Act 549 of 1980 establishes a new prescriptive period thus repealing that part of La.R.S. 9:5682 inconsistent therewith.
We are not convinced by plaintiffs' argument that Section 4 of Act 549 establishes a new prescriptive period. Act 549 as it amended La.C.C. art. 208 only authorizes the proof of filiation by an unacknowledged illegitimate. La.C.C. art. 209 as amended by Act 549 sets out the methods of proving that filiation. Paragraph 5 of Article 209 establishes a time period within which a civil proceeding to prove filiation must be commenced. The civil proceeding must be brought "within six months after the death of the alleged parent, or within nineteen years of the illegitimate child's birth, whichever occurs first." (emphasis added)
By providing in La.C.C. art. 209 as amended that the action "must be brought... within nineteen years of the illegitimate child's birth," the legislature recognized that prior to the age of majority the child could not bring the action on his own, but that it must be brought for him, and that if same was not commenced by the age of majority, then the illegitimate had one year after reaching majority within which to bring his or her own action. We conclude that the "within six months after the death of the alleged parent" provision is merely the legislature's way of expressing its intention to maintain stable land titles. The legislature could have provided that the action must be brought prior to the death of the alleged parent.[4] See Lalli v. Lalli, supra.
It must be obvious even to the casual observer that of the two time limitations mentioned in La.C.C. art. 209 as amended, i.e. date of death of the parent and age of the child, only the age requirement is mentioned in Section 4 of Act 549. Thus we are of the opinion that the only intention of the legislature as expressed in Section 4 of Act 549 was to grant a one year grace period to those individuals who were older than nineteen years and could not without the grace period take advantage of Act 549. This does not mean that the six month after death provision was dispensed with during the grace period. This conclusion is reached because there is no mention of the dispensation of the death provision in favor of any child not yet eighteen, nor older than nineteen, who is not afforded the benefits of the grace period. Stated another way, if a child is ten years old, but the alleged parent has been dead for more than six months, then a suit to prove filiation cannot be commenced. We cannot conceive that the legislature would have intended a different result for someone over nineteen years vis-a-vis someone under nineteen years.
Though this is a petitory action and not one to prove filiation, theoretically plaintiffs seek to prove the filiation of their father (Adese) to their grandfather (Vileor). Therefore, since the grandfather has been dead for more than six months prior to the commencement of suit, they cannot avail themselves of Act 549.
Conceding arguendo that plaintiffs could avail themselves of Act 549, or even further, that filiation was conceded at the trial of this case, we are of the opinion that the one year limitation provided in Act 549 within which to bring an action to prove *585 filiation does not supercede or replace the prescriptive period as provided in La.R.S. 9:5682.[5] Act 549 authorizes a suit to prove filiation, whereas La.R.S. 9:5682 establishes a time period within which an heir or legatee can bring an action to assert any right, title or interest in any of the property formerly owned by the deceased. La.R.S. 9:5682 presupposes filiation already having been acknowledged or proven, whereas Act 549 authorizes proof thereof. There is no indication that the legislature by the enactment of Act 549 intended the repeal or replacement of La.R.S. 9:5682. Therefore, the trial judge was not in error in sustaining the peremptory exception of prescription.

NO CAUSE OF ACTION
Plaintiffs-appellants contend the trial judge was in error in refusing to apply Succession of Brown, supra, retroactively. We disagree. A careful reading of Succession of Brown fails to disclose any intent by the Supreme Court that its decision be applied retroactively. We agree with our brethren on the Fourth Circuit that Succession of Brown is not applied retroactively. Succession of Ross, 397 So.2d 830 (La.App. 4th Cir. 1981).
Inasmuch as we have concluded that this action has prescribed, there is no need for any further discussion of whether plaintiffs have stated a cause of action.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.
PONDER, Judge, dissenting.
The question is one of legislative intent.
By holding that Section 4 of Act 549 has no effect upon the requirement that the proceeding be brought within six months of the death of the alleged parent, the majority is interpreting Section 4 as though it read:
"Any illegitimate child nineteen years of age or older whose parent shall not be deceased and whose parent shall not die within six months shall have one year, etc."
Instead, I believe that the legislature intended to remedy the constitutional defect in our law so as to allow those who had been prevented from making a claim a period of one year to do so, without regard to the date of the parent's death. It is true that this interpretation has the effect of adding to Section 4 some such provision as, "this proceeding shall not be barred by the fact that the parent shall have been deceased by more than six months." But I would elect to interpret the provision thus so as to right as many wrongs as reasonably possible.
I would not deny this relief simply because the statute would still leave some inequities, such as the case cited of the ten year old whose parent died a year ago. That problem could be addressed by the legislature.
The fears of instability of land titles are more imaginary than real. The gates were opened for only one year, which has now passed. There is no evidence that any flood resulted.
I therefore dissent.
NOTES
[1] Act 549 of the 1980 Regular Session of the Louisiana Legislature reads as follows:

AN ACT
To amend and reenact Articles 208 and 209 of the Louisiana Civil Code and to repeal Articles 210 and 212 of the Louisiana Civil Code to provide for proof of filiation by illegitimate children, or presumption of filiation on their behalf; to provide a procedure and time limitations for proceedings to establish filiation; to provide for the method and standard of proof in such actions; to provide that failure to institute timely such a proceeding shall bar the claims of such persons in the successions of their alleged parents; and to provide otherwise with respect thereto.
Be it enacted by the Legislature of Louisiana:
Section 1. Articles 208 and 209 of the Louisiana Civil Code are hereby amended and reenacted to read as follows:
Art. 208. Authorization to prove filiation. Illegitimate children, who have not been acknowledged as provided in Article 203, may be allowed to prove their filiation.
Art. 209. Methods of proving filiation. 1. An illegitimate child may be entitled to a rebut table presumption of filiation under the provisions of this Article. Or any child may establish filiation, regardless of the circumstances of conception, by a civil proceeding instituted by the child or on his behalf in the parish of his birth, or other proper venue as provided by law, within the time limitation prescribed in this Article.
2. A child who is shown to be the child of a woman on an original certificate of birth is presumed to be the child of that woman, though the contrary may be shown by a preponderance of the evidence.
3. An illegitimate child not shown as the child of a woman on an original certificate of birth may prove filiation by any means which establish, by a preponderance of the evidence, including acknowledgment in a testament, that he is the illegitimate child of that woman.
4. A child of a man may prove filiation by any means which establish, by a preponderance of the evidence, including acknowledgment in a testament, that he is the child of that man. Evidence that the mother and alleged father were known as living in a state of concubinage and resided as such at the time when the child was conceived creates a rebuttable presumption of filiation between the child and the alleged father.
5. Proof of filiation must be made by evidence of events, conduct, or other information which occurred during the lifetime of the alleged parent. A civil proceeding to establish filiation must be brought within six months after the death of the alleged parent, or within nineteen years of the illegitimate child's birth, whichever occurs first. If an illegitimate child is born posthumously, a civil proceeding to establish filiation must be instituted within six months of its birth, unless there is a presumption of filiation as set forth in Section 2 above. If no proceeding is timely instituted, the claim of an illegitimate child or on its behalf to rights in the succession of the alleged parent shall be forever barred. The time limitation provided in this Article shall run against all persons, including minors and interdicts.
Section 2. Articles 210 and 212 of the Louisiana Civil Code are hereby repealed.
Section 3. This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided by Article III, Section 18 of the Louisiana Constitution of 1974.
Section 4. Any illegitimate child nineteen years of age or older shall have one year from the effective date of this Act to bring a civil proceeding to establish filiation under the provisions of this Act and if no such proceeding is instituted within such time, the claim of such an illegitimate child shall be forever barred.
[2] La.R.S. 9:5682 provides:

"5682. Actions by unrecognized heirs or legatees against third persons
"A. An action by a person who is an heir or legatee of a deceased person, and who has not been recognized as such in the judgment of possession rendered in the succession of the deceased by a court of competent jurisdiction, to assert any right, title, or interest in any of the property formerly owned by the deceased against a third person who has acquired this property from or through a person recognized as an heir or legatee of the deceased in this judgment of possession, is prescribed in ten years if the third person, or his ancestors in title, singly or collectively, have been in continuous, uninterrupted, peaceable, public, and unequivocal possession of the property for such period after the registry of the judgment of possession in the conveyance records of the parish where the property is situated, irrespective of the good or bad faith of the third person's ancestors in title, including the heir or legatee of the deceased recognized as such in the judgment of possession.
"B. This Section establishes a liberative prescription, and shall be applied both retrospectively and prospectively; provided, however, that an action by any person against whom the period of liberative prescription herein provided would otherwise already have accrued except for the provisions of this Section, must be brought within one year from and after August 1, 1975.
"C. As used herein, "third person" means a person other than one recognized as an heir or legatee of the deceased in the judgment of possession."
[3] Marie Louise Harlaux's inheritance was recognized by judgment of possession in "Succession of Vileor Harlaux," No. 2120 on the Docket of the Eighteenth Judicial District Court in and for the Parish of Pointe Coupee, Louisiana, dated January 17, 1939.
[4] See Act 720 of the 1981 Regular Session of the Louisiana Legislature, which amended and reenacted La.C.C. art. 209 to provide that the suit "must be within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs."
[5] By Act 721 of the 1981 Regular Session of the Louisiana Legislature, the legislature repealed Sections 5682, 5683, and 5684 to Title 9 of the Louisiana Revised Statutes and added Sections 5630 and 5631 which reduced the time period within to bring an action to assert any right, title or interest in a succession to two years.