HALL, Judge.
In this case filed in July 1980, an alleged acknowledged illegitimate child seeks to prove his filiation with the decedent who died in 1969 and to set aside a judgment of possession rendered in 1970 which recognized others as the legitimate children and sole heirs of the decedent. After trial, the trial court held that the decision in Succession of Brown, 388 So.2d 1151 (La.1980), affirming 379 So.2d 1172 (La.App. 2d Cir.1980), declaring LSA-C.C. Art. 919 unconstitutional should be applied prospectively only and that since plaintiff was excluded from inheriting from his parent who was survived by legitimate children under LSA-C.C. Art. 919 prior to the declaration of that article’s unconstitutionality, he had no legal standing to claim inheritance rights and to set aside the judgment of possession. From a judgment rejecting his demands, plaintiff appealed.
The issue presented by the appeal is whether the decision in Succession of Brown should be applied retroactively or prospectively only.
The issue has been squarely presented to and decided by the Courts of Appeal for the First, Third and Fourth Circuits. Each of the three circuits held that the Brown decision should be applied prospectively only and should not be given retroactive effect. Succession of Ross, 397 So.2d 830 (La.App. 4th Cir.1981); Succession of Clivens, 406 So.2d 790 (La.App. 4th Cir.1981), writ granted 411 So.2d 47 (La.1982); Harlaux v. Harlaux, 411 So.2d 581 (La.App. 1st Cir.1982), writ granted 414 So.2d 380 (La.1982); and Succession of Layssard, 412 So.2d 135 (La.App. 3d Cir.1982), rehearing denied 1982, writ application filed and pending. In Herndon v. Herndon, 388 So.2d 463 (La.App. 2d Cir.1980), decided after this circuit’s decision in the Brown case but pri- *419 or to its affirmance by the Supreme Court, this court held that Brown, if affirmed by the Supreme Court, should not be given retroactive effect.
A contrary result may be indicated by Succession of Richardson, 392 So.2d 105 (La.App. 1st Cir.1980), writ denied 396 So.2d 1324 (La.1981) and Smith v. Stephens, 412 So.2d 570 (La.1982), reversing 401 So.2d 674 (La.App. 3d Cir.1981), in which similar actions by alleged acknowledged illegitimate children whose parent died prior to the Brown decision were remanded to the trial court for trial or hearing on exceptions. However, the issue of retroactive versus prospective application of the Brown decision was not raised or discussed in either of those cases.
Following the uniform decisions of the Courts of Appeal in the cases in which the issue has been presented, discussed and resolved, we hold that the decision in Succession of Brown declaring LSA-C.C. Art. 919 unconstitutional should be applied prospectively only, that is, only to inheritance rights coming into existence by reason of the death of a parent after October 24, 1980, the date the decision in Brown became definitive. The plaintiff’s alleged parent having died in 1969 prior to the effective date of the Brown decision, the plaintiffs rights as opposed to the rights of the legitimate children of the parent are governed by the law as it existed at the time of the parent’s death and plaintiff may not avail himself of the subsequent declaration of unconstitutionality of LSA-C.C. Art. 919.
The acts amending LSA-C.C. Arts. 208 and 209, Act 549 of 1980 and Act 720 of 1981, do not purport to create inheritance rights in illegitimate children whose parents died prior to the effective date of the Brown decision.
The judgment of the district court is affirmed at appellant’s costs.
Affirmed.