BARRY, Judge.
Two alleged acknowledged illegitimates appeal the dismissal of their petitions seeking recognition of heirship based on Succession of Brown, 388 So.2d 1151 (La.1980), which declared LSA-C.C. Art. 919[1] unconstitutional.
Decedent, Sidney 0. Trosclair, died intestate on May 27, 1975 and was survived by his spouse in community, one sister, five brothers and children of two pre-deceased brothers. He had been married three times but no children were born during any of the marriages. Mr. Trosclair’s estate consisted primarily of property located at 8333 Pritchard Place in New Orleans. In April, 1976, Sidney Mae Trosclair Tillman, one of the alleged acknowledged illegitimate children, petitioned to be appointed administra-trix of the estate and in March, 1979, she sued to be recognized as an acknowledged child and sole heir of the decedent. This petition was answered in August, 1979 by Beulah Mae Trosclair Gaither, the other alleged acknowledged illegitimate child, who denied Sidney Mae’s right to be recognized as sole heir.
In March, 1981, in conjunction with an agreement to sell the Pritchard Place property, a stipulation was entered between the surviving spouse, the collateral heirs and the two alleged illegitimate children wherein all would receive a certain sum from the proceeds of the proposed sale. According to one of the briefs, the sale fell through due to the buyer’s failure to obtain financing.
In June, 1981, Beulah Mae filed a petition for proof of filiation. The collateral heirs answered with exceptions of no cause or right of action urging Succession of Brown, supra, has prospective application only, citing Succession of Ross, 397 So.2d 830 (La. App. 4th Cir.1981). On July 8,1981, Sidney Mae filed a petition for proof of filiation. The illegitimates’ petitions were consolidated and on September 29, 1981 the Trial Judge dismissed the petitions by holding that Brown applies prospectively to successions where the decedent died after September 3, 1980 when Brown was rendered. Mr. Trosclair died March 27, 1975, therefore, the lower court concluded Brown was inapplicable. The court also held if Brown was declared retroactive on appeal, then there was no compromise agreement which resolved the equities of the parties. The two illegitimates filed this appeal.
The primary issue is whether Succession of Brown, supra, is applicable. Appellants also urge two other grounds: (1) Act 549, § 4 of 1980[2] provided appellants with legislative authority, independent of Brown, to assert their succession rights, and (2) an agreement was entered between all parties whereby each would receive a certain portion of the proceeds whenever Pritchard Place was sold.
APPLICATION OF SUCCESSION OF BROWN
Brown held that LSA-C.C. Art. 919 denied equal protection to illegitimates in violation of Art. 1, § 3 of the 1974 Louisiana Constitution and the United States Constitution and was the progeny of Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977). Trimble held that an illegitimate who can prove filiation has the same standing as a legitimate heir in state intestate successions.
*747 Appellees argue this Court has determined on three occasions that Brown does not apply retroactively: Succession of Ross, 397 So.2d 830 (La.App. 4th Cir.1981); Succession of Clivens, 406 So.2d 790 (La.App. 4th Cir.1981);[3] and Villanueva v. Schwall, 408 So.2d 1186 (La.App. 4th Cir.1982). However, we note the First Circuit applied Brown retroactively. Succession of Richardson, 392 So.2d 105 (La.App. 1st Cir.1980), writ denied, 396 So.2d 1324 (La.1981).
Appellants maintain the Trial Judge erred in making the date of decedent’s death the determining factor. We agree. This litigation is on-going, no judgment of possession has been rendered, and that distinguishes this ease from those which turn on the effective date of Brown.
This Court’s concern has been the “substantial inequity [that] would result if all prior judgments of possession which relied on the substantive law of LSA-C.C. Art. 919 were declared invalid, and such a holding would engender new litigation in each case where there had been such a justified reliance.” Succession of Ross, supra, at P. 831. (Emphasis added) In this case no property rights have been acquired based on Art. 919, the old rule. There has been no reliance on the prior law, no prior judgments need be overturned, and no injustice or hardship will result. Instead, the equal treatment to illegitimates mandated by Brown will be accomplished. Accordingly, there is no reason to deny appellants the benefit intended by Brown if they can prove their filiation.
AGREEMENT TO SELL
In March, 1981, an offer to purchase the Pritchard Place property for $89,000 was received. All parties entered into an agreement (there are three agreements in the record) whereby each “heir” and the surviving spouse would receive a certain portion of the sale proceeds. The sale fell through. Appellants argue “(i)t was understood by all parties that should the sale fall through, the siblings would get a proportionately higher or lower amount, depending on the amount of the new offer.” The lower court held there was no surviving agreement.
The sell agreements make no reference to a compromise of the parties’ rights beyond the proposed sale. The language does not set forth or imply any intention to make the agreement binding on any future sale. There is no provision in the agreement should the sale fall through. The agreement speaks in terms of “this sale” and sets out specific amounts to be given to the parties. We agree there was no intent to compromise beyond the ill-fated sale.
ACT NO. 549, § 4 of 1980
Finally, appellants assert this legislative act provides an additional basis, independent of Brown, to assert their rights in this succession. Section 4 provides:
Any illegitimate child nineteen years of age or older shall have one year from the effective date of this Act to bring a civil proceeding to establish filiation under the provisions of this Act and if no such proceeding is instituted within such time, the claim of such an illegitimate child shall be forever barred.
Under this circumstance where the succession proceeding is pending, allowing alleged illegitimate children to bring actions to establish filiation will not endanger the soundness of titles or affect third parties. Both of these illegitimate children filed petitions to establish filiation within the prescribed time. An acknowledged illegitimate whose rights have not been litigated can assert those rights against other heirs in an intestate succession.[4] Succession of Clivens, 426 So.2d 585 (La.1982).
*748 Accordingly, the judgment of the district court is reversed and set aside. The exceptions of no right and no cause of action are overruled and this matter is remanded for further proceedings.
REVERSED; REMANDED.

. LSA-C.C. Art. 919:
Illegitimate children are called to the inheritance of their father, who has duly acknowledged them, when he has left no descendants nor ascendants, nor collateral relations, nor surviving wife, and to the exclusion only of the State.
In all other cases, they can only bring an action against their father or his heirs for alimony, the amount of which shall be determined, as is directed in the Title: Of Father and Child
This article was amended by Act 607 of 1979. No substantive change was made. The word “illegitimate” was substituted for “natural” as the first word and “natural” was eliminated preceding the word “father”.

. Section 4. Any illegitimate child nineteen years of age or older shall have one year from the effective date of this Act to bring a civil proceeding to establish filiation under the provisions of this Act and if no such proceeding is instituted within such time, the claim of such an illegitimate child shall be forever barred.

. Succession of Clivens, 426 So.2d 585 (La.1982), reversed this Court and said: “Limiting the retroactive effect of Brown to rights against coheirs in intestate successions would best balance the equities involved.” Rehearing was granted September 3, 1982, but appears restricted to the question of the effective date of Brown.

. Acknowledged illegitimates’ rights were achieved through the equal protection provisions of our state and federal constitutions. The parity accorded illegitimates is not abso *748 lute as yet, since the new-found rights do not apply to testate successions or third parties and could raise further constitutional questions.