DUFRESNE, Judge.
This is an appeal taken by Janice Gail Blackshire, as natural tutrix of her minor child, Brandon Scott Blackshire, plaintiff-appellant, from a judgment sustaining an exception of no cause of action to a suit to establish filiation brought against Geraldine Thorne as testamentary executrix of the succession of Vincent Vuskovich, defendant-appellee. Because we find that appellant’s petition states a cause of action, we reverse the judgment of the trial court.
On July 21, 1981, appellant filed a petition to establish filiation wherein the following essential facts were alleged. It was claimed that Brandon Blackshire was born of the union of Vincent Vuskovich, now deceased, and Janice Blackshire, who were residing together at the time of the child’s conception and birth on May 4, 1972. It was further alleged that Vuskovich paid all expenses for the child’s birth, and informally acknowledged the child to be his son both publicly and privately. The petition finally sought to have the child recognized as Vus-kovich’s son and legal heir.
The question before us is therefore whether these allegations, taken as true, are sufficient to state a cause of action of filiation. Under La. Civil Code, Art. 209, filiation may be proved by a preponderance of the evidence. Clearly, the allegations that Vuskovich was living with the child’s mother at the time of conception and birth, that he paid all natal expenses, and that he held the child out both publicly and privately to be his son would, in the absence of contrary evidence, be sufficient to prove filiation by a preponderance of the evidence, Cousin v. Schilleci, 374 So.2d 130 (La.App. 1st Cir.1979). We therefore hold that the petition does state a cause of action.
We also note that defendant filed additional exceptions of no right of action, vagueness, and prescription. While these exceptions were technically not ruled upon, it is evident from the trial court’s reasons for judgment that his decision was based on considerations which properly went to the exception of no right of action as to the succession underlying the present suit. The court, relying on Succession of Ross, 397 So.2d 830 (La.App. 4th Cir.1981), apparently concluded that the child would have no rights in the succession even were he to prove filiation because that case held that the rights of illegitimates recognized in Succession of Brown, 388 So.2d 1151 (La.1980) were to be of prospective application only. However, the recent decision of the Louisiana Supreme Court in Succession of Clivens, 426 So.2d 585 (La.1983) (decided on rehearing), establishes that the Succession of Brown’s declaring La.R.C.C. Art. *625 919, unconstitutional, is to be applied retroactively to January 1, 1975, the effective date of the Louisiana Constitution of 1974, as well as prospectively.
We therefore must reverse the decision of the trial court sustaining the exception of no cause of action and remand the case for further proceedings in accordance with the most recent jurisprudence dealing with the succession rights of illegitimates.
Assessment of all costs shall await final disposition of this matter by the trial court.
REVERSED AND REMANDED.