ALFORD, Judge.
This is an appeal from a judgment of the Eighteenth Judicial District Court dismissing plaintiffs’ petition for an amended judgment of possession recognizing them as the sole heirs of their alleged father, Washington Hardy. Additionally, plaintiffs’ seek to be recognized as heirs by representation in the successions of their alleged ancestors, David Watkins, Mathilda Hunter Watkins, Lavignia Watkins Hardy, Anderson Watkins, Willie Hardy and George Hardy. A judgment of possession was rendered in the above successions on January 12, 1977. In said judgment, Washington Hardy’s sisters, Rose Hardy Tansiel, Hilda Hardy Price and Corinne Hardy Cortney (hereinafter referred to as the Watkins heirs) were placed in possession of all property belonging to decedents by virtue of their being the sole heirs of said decedents.
Plaintiffs, Washington Hardy, Jr., Lavig-nia Hardy Turner, Lula Hardy Burris and Stella Hardy Murrary are the alleged children of Washington Hardy. Plaintiff, Benjamin Hardy, Jr., appears by representation of his deceased father, Benjamin Hardy, Sr., who is alleged to have been the child of Washington Hardy. Plaintiff, Lorita Faye Hardy, appears by representation of her deceased adoptive father, John Hardy, who is alleged to have been the child of Washington Hardy. Plaintiffs, Donald and Rudolph Russell, appear by representation of their deceased mother, Gertrude Hardy Russell, who is alleged to have been the child of Washington Hardy. (Plaintiffs are hereinafter collectively referred to as the Hardy heirs.)
The petition for an amended judgment of possession was filed on September 15, 1981. In response to said petition, the Watkins heirs filed an exception of no right of action alleging that Washington and Ophelia Hardy had never in fact been married, and thus, the alleged children were the illegitimate children of Washington Hardy. Defendants further alleged that the Hardy heirs failed to file a suit to prove filiation within the time limits provided in LSA-C.C. arts. 208 and 209, or within the grace period provided in Acts 1980, No. 549 § 1, amending art. 209. The exception was referred to the trial on the merits.
Trial of this matter began on November 16, 1981, in the Eighteenth Judicial District Court, Parish of West Baton Rouge. At the conclusion of petitioners’ case, the Watkins heirs moved for a ruling on their exception of no right of action. The trial judge denied the exception and ordered defendants to proceed with their case. Subsequent to defendants’ presentation, the judge took the matter under advisement to study the trial briefs submitted. The case was reopened for additional evidence on February 1, 1982, and judgment dismissing the petition was rendered on March 5, 1982.
The only issue presented on this appeal is whether the Louisiana Supreme Court case of Succession of Brown, 388 So.2d 1151 (La.1980), can be applied retroactively to the facts of this case to allow the Hardy heirs to inherit from Washington Hardy. We find that it can not.
The trial judge in his written reasons for judgment, refused to apply Brown retroactively. While we agree with this result, we do not agree that Succession of Brown can not, under the right factual situation, be given retroactive application. The Louisiana Supreme Court in Succession of Viola Clivens, on rehearing, 426 So.2d 585 (La.1983), Docket No. 82-C-0125, has recently determined that the Brown decision is to be retroactively applied to the effective date of the 1974 Louisiana Constitution, January 1, 1975. La.Const. of 1974, art. XIV, § 35.
*27 Appellants argue that since the judgment of possession was not rendered until January 12,1977, and no third parties will be adversely affected, Succession of Brown should be given retroactive application to allow them to amend the judgment of possession. Our reading of both Clivens and Harlaux v. Harlaux, 426 So.2d 602 (La.1983), indicates that it is the date of the death of the decedent which controls retroactive application of Brown.[1]
Although there is some discrepancy in the record as to Washington Hardy’s date of death, even using the latest date alleged, 1958, takes this case out of the retroactive sphere of the Brown decision.[2] Plaintiffs’ petition fades to state a right of action.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed. Appellants are cast with costs of this appeal.
AFFIRMED.

. Immediately upon death, title to property passes from the decedent and vests in the heirs. La.C.C. arts. 940-948 and 1609-1610; In Re Poynot, 389 So.2d 106 (La.App. 4th Cir.1980); Spiller v. Herpel, 357 So.2d 572 (La.App. 1st Cir. 1978), writ denied, 358 So.2d 637 (La.1978).

. The affidavit of death and heirship gives date of death of Washington Hardy as 1940.