WARD, Judge.
In this appeal, we are asked to determine whether the decedent’s estate is to be inherited by his illegitimate children or by his surviving spouse. George Davis, Jr. died intestate on April 7, 1970 in New Orleans, Louisiana. His only descendants were three acknowledged illegitimate children; James Davis, Oscar Davis, and Lorena Davis Ardoin. James Davis, who pre-deceased George Davis, Jr., had three children; James Davis, Jr., Geraldine Davis, and Lá-veme Wharton Davis. The decedent, George Davis, Jr., is survived by two of the illegitimate children, Oscar Davis, Lorena Davis Ardoin, and three children of the third illegitimate child, James Davis. The decedent was married three times; twice to his second wife. He was divorced from his first wife in 1925. He was divorced from his second wife, Elmira Blackman Davis, in 1947. They reconciled in 1951, remarried in *474 1965, and remained married until the time of his death. Mr. Davis left an estate consisting primarily of a home at 2504 Flood Street in New Orleans, which he and Elmi-ra Blackman Davis shared from 1953 until Mr. Davis’ death in 1970.
In 1977, the decedents’ two surviving illegitimate children, Lorena Davis Ardoin and Oscar Davis, filed a petition seeking to be put in possession of decedent’s estate. In 1978, decedent’s widow, Elmira Blackman Davis, filed a separate suit against Lorena Davis Ardoin and Oscar Davis, alleging that the Flood Street property belonged to her, in whole, in part, or in usufruct. In 1980, the two suits were consolidated and Mrs. Davis’ suit was tried as an opposition to the illegitimate children’s Petition for Possession. The Trial Court rendered judgment in June, 1980, granting possession of the entire estate to Elmira Blackman Davis. This judgment was based on Louisiana Civil Code Article 919, which excluded illegiti-mates from the successions of their fathers.
Subsequent to the signing of the judgment, in September, 1980, Louisiana Civil Code Article 919 was declared to be unconstitutional by the Louisiana Supreme Court in Succession of Brown, 388 So.2d 1151 (La.1980).[1] A motion for a new trial was filed by Lorena Davis Ardoin and Oscar Davis on the grounds that the first judgment was based on the unconstitutional code article. The motion was granted and a second judgment was rendered in June, 1981, recognizing the illegitimates as legal heirs and finding that the home on Flood Street was separate property; one-half owned by Elmi-ra Blackman Davis, and one-half owned by the illegitimate heirs of George Davis, Jr.[2] All parties have appealed the second judgment of the Trial Court, raising the issues of whether the illegitimates are legal heirs according to Succession of Brown, and whether the Flood Street property is community or separate.
For the following reasons, we reverse the second judgment of the Trial Court and hold that the illegitimates may not inherit from the decedent’s estate, and that the surviving spouse is entitled to inherit the entire estate.
Succession of Brown, rendered in 1980, clearly declared the total exclusion of ille-gitimates from their fathers’ successions to be unconstitutional. Until recently, however, it has been unclear whether Brown would have retroactive effect or only prospective effect. The Louisiana Supreme Court settled this issue in Succession of Clivens, 426 So.2d 585 (La.1982). In its opinion on rehearing, the Court held that Brown’s declaration of the unconstitutionality of La'.C.C. Art. 919 is retroactive to January 1, 1975, the effective date of the 1974 Louisiana Constitution.
Prior to 1974, the Louisiana Constitution did not forbid discrimination on the basis of birth. The 1974 Constitution, however, expressly forbids such discrimination in Article I, Section 3. In Clivens, the Louisiana Supreme Court reasoned that, in order to give Article I, Section 3 full operation and effect, Brown should be applied retroactively to January 1, 1975, the effective date of the 1974 Louisiana Constitution.
In Clivens, the acknowledged illegitimate daughter of George Clivens brought an action against her father’s widow, who had been placed in possession of his property after his death. George Clivens died on September 24, 1971.[3] Thus, the Louisiana Supreme Court held that their holding of *475 limited retroactive application of Brown to January 1, 1975, did not apply to Cliven’s succession; the illegitimate daughter had no cause of action. George Davis, Jr., died on April 7, 1970. According to Succession of Clivens, supra, Brown is not retroactive to his succession and Davis’ illegitimate children are not entitled to inherit from his estate.
Because there are no legitimate decedents, no ascendents, and no collaterals, the surviving spouse, Elmira Blackman Davis, is entitled to inherit the entire estate, separate and community. Thus, we need not determine whether the Flood Street property is community or separate.
For the foregoing reasons, the judgment of the Trial Court recognizing the illegitimate children as one-half owners of the Flood Street property is reversed, and Elmi-ra Blackman Davis is recognized as the sole legal heir of George Davis, and as such, she is entitled to inherit his entire estate.
AFFIRMED IN PART, REVERSED IN PART.

. Civil Code Article 919 was repealed in 1981 by Act No. 919, Section 1.

. The Flood Street property was bought by George Davis, Jr., in 1953, after his divorce from Elmira Blackman in 1947 and before their remarriage in 1963. Mr. Davis paid for the Flood Street property with proceeds from the sale of a piece of community property from his first marriage to Elmira Blackman. Since those proceeds belonged one-half to Elmira Blackman and one-half to George Davis, Jr., the Trial Judge held that the Flood Street property was separate; one-half owned by Elmira Blackman, and one-half owned by the Succession of George Davis.

.A succession becomes open upon death, not upon institution of succession proceedings. Dion v. Knap, 230 So.2d 842 (La.App. 1st Cir. 1970); La.C.C. Art. 934.