KNOLL, Judge.
James E. Stephens died intestate in Vernon Parish on December 10, 1957. His three legitimate children were placed in possession of the Stephens’ estate on August 10, 1959. On August 2, 1977, Mrs. Jerry Smith, the alleged acknowledged illegitimate daughter of James E. Stephens, sued the Stephens’ legitimate descendants, and several individuals and corporations who claimed an ownership interest in property belonging to the Stephens’ estate. All of the defendants filed exceptions of no cause of action premised on the holdings of Succession of Clivens, 426 So.2d 585 (La.1983) and Harlaux v. Harlaux, 426 So.2d 602 (La.1983). The trial court followed Cli-vens, supra, and maintained defendants’ peremptory exceptions and dismissed Mrs. Jerry Smith’s suit with prejudice.
The Succession of Clivens, supra, holds:
“... applying Brown [388 So.M 1151 (La.1980) ] retroactively without limit fully vindicates the constitutional rights of the illegitimates, but it gives full sway to potential inequities as concern parties who may have inherited or otherwise acquired property prior to Brown. We thus find that the balance between the vindication and recognition of illegitimates’■ constitutional rights, on the one hand, and the state’s interest in the stability of land titles and preventing prejudice or inequities to gratuitous and onerous acquirers of property, on the other hand, is better struck by a limited retroactive application of the Brown decision to January 1, 1975, the effective date of the new constitution, and no further.”
In its re’roactive limitation of the Succession of Brown, supra, the Clivens’ court carefully balanced the constitutional rights of illegitimates against various state interests.
We adhere to the Clivens’ decision. Accordingly, we hold that the judgments of the trial court in the case sub judice were correct in their holding that plaintiff’s petition fails to state a cause of action.
For the foregoing reasons, the trial court’s judgments sustaining defendants’ exceptions of no cause of action are affirmed. All costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.