jiGOTHARD, Judge.
This is an appeal of a trial court decision which amended a judgment of possession in a succession to recognize appellee as the natural child of the decedent and grant him the decedent’s one-half interest in the community property. For the following reasons, we reverse.

FACTS

On July 28, 1913, appellee, Melvin Jeffery Marshall, was born out of wedlock to Jack Jeffery Marshall (“the decedent”) and Ella Hall. The decedent subsequently married appellant, Villet Marshall, on December 2, 1944. On July 9, 1961, the decedent passed away, leaving no other descendants.
On October 13, 1971, appellant filed a petition for possession of the property of decedent, alleging that the decedent died intestate, that all of decedent’s property (consisting of immovable property where he lived with appellant) was community property, and that decedent had no children ^whatsoever. On October 15, 1971[1], a judgment of possession was signed, granting ownership to appellant of her one-half of the community property, and, recognizing appellant as the sole heir of decedent, granting ownership to appellant of the decedent’s one-half of the community property.
On October 13, 1989, appellee filed a motion to amend the judgment of possession, alleging that he is the biological child of the decedent, that he was omitted from the judgment of possession, and that he is entitled to share in decedent’s estate. A trial on the merits was held on October 16, 1991. On December 2, 1991, judgment was rendered, amending the judgment of possession to recognize appellee as the son of decedent and granting him the decedent’s one-half share of the community property, subject to the legal usufruct granted to appellant. Appellant thereafter moved for a new trial and asked for a ruling on appellant’s claim to a widow’s portion of the estate, both of which were subsequently denied. Appellant thereafter filed this appeal, arguing that the trial court erred in amending the original judgment of possession and in failing to award appellant a widow’s portion. Because we find that the trial court erred by finding that appellee is entitled to share in decedent’s estate, we pretermit discussion of any of appellant’s various assignments of error and render moot all actions of the trial court subsequent *273 to its erroneous judgment of December 2, 1991.

DISCUSSION

Louisiana Civil Code article 919, enacted in 1908, and repealed in 1981, barred acknowledged illegitimate children from inheriting from their natural fathers in the same manner as legitimate descendants, ascendants, collateral relatives and surviving spouses. In Succession of Brown, 388 So.2d 1151 (La.1980), the Louisiana Supreme Court affirmed a Court of Appeal holding that C.C. art. 919 was unconstitutional. Thereafter, the IsLouisiana Supreme Court, in Succession of Clivens, 426 So.2d 585 (La.1982), on rehearing, determined that the Brown decision is to be retroactively applied to the effective date of the 1974 Louisiana Constitution, i.e., January 1, 1975. When deciding cases with similar circumstances, all of the other Courts of Appeal in Louisiana have followed Clivens. See, Succession of Watkins, 431 So.2d 25 (La.App. 1st Cir.1983); Succession of Bissic, 431 So.2d 418 (La.App. 2nd Cir.1982); Smith v. Stephens, 443 So.2d 11 (La.App. 3rd Cir.1983); Succession of Davis, 435 So.2d 473 (La.App. 4th Cir.1983). It has been further held that it is the date of death of the decedent which controls retroactive application of Brown. Succession of Watkins, supra, at 27.
While it was never shown in the record before us that appellee was acknowledged by the decedent as his natural child, even assuming that he was, appellee is not entitled to any portion of the decedent’s estate because the decedent died on July 9, 1961, well before the effective date of the Louisiana Constitution of 1974. Therefore, the trial court’s judgment of December 2, 1991, which amended the original judgment of possession and granted appellee the decedent’s one-half share of the community property is hereby reversed. Our holding renders moot all actions taken by the trial court in this matter subsequent to its erroneous judgment of December 2, 1991.
REVERSED.

. While the date of signature on the judgment is listed as October 15, 1970, all of the pleadings are marked as having been filed on October 13, 1971, and it is apparent that the typewritten "1970” on the judgment was a typographical error.