388 So.2d 1151 (1980)
Succession of Sidney BROWN, Jr.
No. 67211.
Supreme Court of Louisiana.
September 3, 1980.
Rehearing Denied October 24, 1980.
*1152 S. P. Davis, Davis Law Office and Legal Clinic, Inc., Shreveport, for defendant-applicant.
John M. Madison, Jr., James R. Madison, Wiener, Weiss, Madison & Howell, Shreveport, for plaintiffs-respondents.
Jonathan C. Harris, Baton Rouge, amicus curiae.
BLANCHE, Justice.
Sidney Brown, Jr. died intestate on January 1, 1978 in Shreveport, Louisiana. He is survived by four acknowledged illegitimate children, respondents, and one adopted child, relator. Relator had also been an illegitimate until her adoption in 1965, which gave her the status of a legitimate child. The decedent was married two times. His first wife died in 1955 and there were no progeny of this marriage. His second marriage ended in divorce in 1963 and, likewise, there were no progeny of this marriage. The decedent left a net estate valued at $4800.
Respondents, Ruby Atkins, Betty Jean Lee, Nathaniel Brown and Eugene Brown, sued to annul a judgment of possession recognizing the relator, Effie Brown, as the sole heir of the decedent. The First Judicial District Court ruled against the respondents' request. In an excellent and comprehensive opinion, the Second Circuit Court of Appeal reversed and remanded the case to the trial court for an accounting by the relator and the execution of a new judgment of possession recognizing the respondents as the lawful heirs of Sidney Brown, Jr., along with the relator. We affirm.
At issue is the constitutionality of article 919 of the Louisiana Civil Code. We take jurisdiction to decide this constitutional matter on the basis of the 1974 Louisiana Constitution, art. 5, § 5(D). We declare C.C. art. 919 to be unconstitutional on the basis of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and art. 1, § 3 of the 1974 Louisiana Constitution.
Article 919 excludes acknowledged illegitimates from participating in the succession of their father when he is survived by legitimate descendants, ascendants, collateral relatives, or a surviving spouse. The trial court, following the letter of the statute, excluded the respondents because of the existence of the relator as a legitimate child of their father.
To uphold the constitutionality of art. 919 under an equal protection analysis, it must be shown that the classification is "substantially related" to permissible state interests, Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978). Under this same standard, the United States Supreme Court earlier decided, in Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 1459 (1977), that an Illinois statute discriminating against an illegitimate in inheriting from his father was unconstitutional.
Previously, the United States Supreme Court held that art. 919 was constitutional, Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971). However, at that time, the Court used a test of "minimum rationality" under the old scheme of equal protection analysis, City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976). The two tier approach of Dukes has been refined to allow for a middle level of analysis for statutes based on such categories as sex, Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979); birth, Matthews v. Lucas, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976); and illegitimates, Lalli, supra, and Trimble, supra.
Though Trimble does not expressly overrule Labine, it forecasts the proper analysis *1153 on a more critical examination of the statute:
"Despite these differences it is apparent that we have examined the Illinois statute more critically than the court examined the Louisiana statute in Labine. To the extent that our analysis in this case differs from that in Labine, the more recent analysis controls." Trimble, 97 S.Ct. 1468, n.17
Under this analysis, the classification set forth in art. 919 must be substantially related to permissible state interests.
The three state interests advocated are the promotion of legitimate family relationships, the possibilities which the father could have exercised to insure the illegitimates a part of the succession, and the orderly disposition of property at death. The first two interests were specifically rejected in Trimble. The third was the major reason for the upholding of the New York statute's constitutionality in Lalli and will be discussed in greater detail here.
Trimble rejected as proper justification for a statute which discriminates against illegitimates the promotion of legitimate family relationships accepted in Labine by "only the most perfunctory analysis", Trimble, p. 1464. This "family harmony" state interest is even weaker in this case. The decedent had five illegitimate children, none of them the progeny of his two marriages. Four were openly acknowledged and one was adopted, so that the existence of all five was equally known and no threat to any family harmony even existed. Even if it had, the Trimble Court expressly rejected the argument that a state may attempt to influence the actions of men and women by imposing sanctions on the children born of their illegitimate relationships, Trimble, pp. 1464-5. We agree that the innocent children should not suffer from the promiscuous adventures of their parents.
Trimble, pp. 1466-7, also made clear that the Labine possibilities as to how the father could have insured the illegitimates a part of the succession are mere hypotheses which will not clear the statute of its underlying invalidity. The idea that the father could have left a will, or legitimated, or even adopted the illegitimates does not serve as a sufficient state interest so as to constitutionally clothe art. 919. The acknowledged illegitimate has no recourse to force his father to leave a will, to legitimate, or to adopt him. The point is, the father did not pursue any of the above possibilities, and the acknowledged illegitimates' rights should not hinge on mere hypotheses of what the father might have done.
The only remaining rationale from Labine left valid after Trimble is the state's interest in the orderly disposition of property at death. Lalli, 99 S.Ct. pp. 524-5, re-emphasized this valid state interest; however, Trimble recognized this important interest is not unquestionable, but must yield in the fact of constitutional mandates.
The state interest of stable land titles and orderly disposition of property will withstand an equal protection analysis, if the state statute provides the illegitimate some way to obtain equal protection, Lalli. In Lalli, the Court upheld a New York statute which required the illegitimate to have his parental filiation declared by a competent court before his father's death in order to share in the inheritance.
The requirement of a filiation order during the lifetime of the father was held to be substantially related to the important state interests and, therefore, the statute passed constitutional equal protection muster. Problems such as proof of paternity, service of process, finality of decrees in estate distribution, and spurious claims were all recognized in Lalli, pp. 525-6, and the New York statute requiring proof of filiation before death cured them. Louisiana could, likewise, anticipate and solve these problems with a statute that allows the acknowledged illegitimate to relieve his predicament rather than relying upon *1154 present art. 919, which flatly denies him succession rights if other relatives exist.[1]
Article 919 likewise violates art. 1, § 3 of the 1974 Louisiana Constitution, which states:
"No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime."
The members of the constitutional convention intended this article to include within its scope unreasonable discrimination based upon illegitimacy, Succession of Thompson, 367 So.2d 798 (La.1979).
The distinction drawn by art. 919 between these acknowledged illegitimates and all other relations of the decedent is arbitrary, capricious, and unreasonable. This conclusion is not a recent development, for it is but a further extension of a line of judicial determinations striking down Louisiana laws which discriminate unconstitutionally against illegitimates.
Three times the United States Supreme Court has invalidated Louisiana statutes because of their denial of equal protection rights to illegitimates. Levy v. La., 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968); Weber v. Aetna Casualty & Surety Co., 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972); and Glona v. American Guarantee & Liability Ins. Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968). Using art. 1, § 3 of the 1974 Louisiana Constitution, this Court has found unconstitutional certain testate codal provisions which discriminate against illegitimates, Succession of Thompson, supra and Succession of Robins, 349 So.2d 276 (La.1977).
Thus, both the United States and Louisiana Constitutions prohibit the total denial of inheritance rights of acknowledged illegitimates in the succession of the father who is survived by other relations. From our examination of art. 919, it is apparent that the respondents are being discriminated against because of their birth status, for had they been born legitimate, or made legitimate as the relator was, they would have succeeded with the relator to their father's succession. Absent any legislative authority to remedy their loss of succession rights as the children of their father, we find the statute denies them the equal protection of the law.
For the above reasons, art. 919 is declared unconstitutional and the decision of the Second Circuit Court of Appeal is affirmed.
MARCUS and WATSON, JJ., dissent and assign reasons.
MARCUS, Justice (dissenting).
While it is true that both the federal and state constitutions prohibit the total denial of inheritance rights of acknowledged illegitimates in the succession of the father who is survived by other relations, art. 919 does not prohibit these rights as it is applicable only to intestate successions. In Lalli, the United States Supreme Court held that a state does have a legitimate interest in the orderly disposition of property at death. Thus, the law does not mandate that art. 919 be declared unconstitutional. Accordingly, I respectfully dissent.
WATSON, Justice, dissenting.
Faced with an appealing factual situation, the majority has chosen to call acknowledged illegitimates to the intestate succession of their father, despite a legitimate forced heir. Although the relator, Effie Brown, was an illegitimate until her adoption, she now enjoys legitimate status in the eyes of the law. The respondents, unfortunately, were never adopted and have the status of illegitimacy, but will share equally with the forced heir.
*1155 The majority relies on the United States Supreme Court cases of Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 1459 (1977) and Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503. These cases differ on the facts with the instant case. In Trimble the illegitimate was claiming against ascendants and siblings of the deceased, not against a legitimate child. In Lalli the illegitimate was claiming against the father's legal widow. It is true that in Trimble, the United States Supreme Court declared unconstitutional a certain provision of Illinois law which prevented the illegitimate child from inheriting. However, in Lalli the opposite result was reached; the illegitimate was denied inheritance rights. Since New York law provides that an illegitimate, during the lifetime of the father, can achieve rights of inheritance, through judicial proceedings, this was held sufficient to accord equal protection. The justices of the United States Supreme Court differ among themselves as to the effect of Lalli on Trimble. (See concurring opinion of Blackman, J., 99 S.Ct. 529.)
Trimble and Lalli do not require the result reached by the majority. The stability of land titles, the just and orderly disposition of property at death, and the dangers of the "`secret illegitimate'" (Lalli, 99 S.Ct. 526) are so important that this court should not strike down the historical forced heirship system of Louisiana.
Therefore, I respectfully dissent.
NOTES
[1] See the proposed guidelines suggested by Professor H. Alston Johnson in his Report to the Louisiana State Law Institute (Revision of the Louisiana Civil Code of 1980, Book III, Titles I and II, Succession and Donations, December 7, 1979).