412 So.2d 135 (1982)
In the Matter of the SUCCESSION OF Robert LAYSSARD.
No. 8560.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1982.
Rehearing Denied April 29, 1982.
*136 Louis Berry and P. Spencer Torry, Alexandria, and Vanue B. Lacour, Baton Rouge, for plaintiffs-appellants.
Gold, Little, Simon, Weems & Bruser, Robert G. Nida and Charles S. Weems, III, Carrol S. Hunter, Alexandria, for defendants-appellees.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOUCET, Judge.
Plaintiffs Rosa Lacour, Emma Layssard Thomas, Amos Layssard and Lucy Layssard Smith have filed suit claiming to be the illegitimate children of Robert Layssard and Cornelius Jackson seeking to annul a judgment of possession placing the legitimate heirs, brothers and sisters, into Layssard's succession. Defendant-appellees filed a motion for summary judgment. From a judgment granting the motion for summary judgment, the plaintiffs have perfected this appeal. We affirm.
The sole issue on appeal is whether or not the trial court erred when it sustained a Motion for Summary Judgment on the grounds that there is no genuine issue of fact and that Succession of Sidney Brown, 388 So.2d 1151 (1980) dictates prospective application allowing illegitimates the right to invalidate judgments of possession rendered prior to Brown, supra.
Robert Layssard died intestate at his domicile in Rapides Parish on September 17, 1966. Soon thereafter, in Probate Proceedings Number 12,497, styled Succession of Robert Layssard versus Recognition and Possession, a petition was filed by Martha Pierce born Layssard, Lucy Layssard West, Peter Layssard, Martha Lou Harien, Walter R. Layssard, Charles R. Layssard, Ruby Layssard DePas and Leo Layssard. They alleged that they, his sisters, brothers, nieces and nephews, were the sole and only heirs of the decedent and as such were entitled to be placed and put in possession of all the property left by the decedent. The defendants were recognized as his collateral heirs and sent into possession of the property comprising the decedent's succession by Judgment of Possession rendered February 2, 1967.
The plaintiff-appellants filed suit seeking a judgment cancelling and annulling the judgment of possession rendered in the succession of Robert Layssard. Plaintiffs further sought a judgment recognizing them as heirs of Robert Layssard and sending them into possession of his succession. Defendant-appellees moved for summary judgment claiming that the declaration of unconstitutionality of Article 919 of the Louisiana Civil Code in Succession of Sidney Brown, 388 So.2d 1151 (La.1980) is to be applied prospectively only. The trial court relying on Brown, supra, held that the decision should be applied prospectively from the date of the decision, September 3, 1980, thereby granting the Motion for Summary Judgment. Plaintiff-appellants have appealed from the judgment dismissing their suit.
*137 Civil Code Article 919, as amended by Act 607, Section 1, of 1979, provides as follows:
"Art. 919. Illegitimate children of father
Art. 919. Illegitimate children are called to the inheritance of their father, who has duly acknowledged them, when he has left no descendants nor ascendants, nor collateral relations, nor surviving wife, and to the exclusion only of the state.
In all other cases, they can only bring an action against their father or his heirs for alimony, the amount of which shall be determined, as is directed in the Title: Of Father and Child.
(Amended by Acts 1979, No. 607, § 1.)"
This article, however, was expressly declared unconstitutional by the Louisiana Supreme Court in the case of Succession of Brown, 388 So.2d 1151 (La.1980) because it embodied an arbitrary, capricious and unreasonable distinction between illegitimates and all other relations of a deceased contrary to the Fourteenth Amendment to the U. S. Constitution.
The Supreme Court did not address itself to the issue of the retroactive application of its declaration of the unconstitutionality of LSA-C.C. Art. 919 in Succession of Brown, supra. However in the case of Lovell v. Lovell, 378 So.2d 418 (La.1979) the Supreme Court addressed itself to the issue of whether a decision which declares an article of the Louisiana Civil Code to be unconstitutional should be given retroactive effect. The Supreme Court stated the following at pages 421-422:
In determining whether or not our decision should be given retroactive effect, three factors should be considered: (1) the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective application will further or retard its operation; and (3) the inequity imposed by retroactive application must be weighed. Chevron Oil Company v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).
In light of these criteria the Fourth Circuit in Succession of Ross, 397 So.2d 830 (4th Cir. 1981) held that the declaration of the unconstitutionality of LSA-C.C. Art. 919 in Succession of Brown, supra, should only be applied prospectively from the September 3, 1980 decision.
Our examination of these factors leads us to the same conclusion that Succession of Brown, supra, should be applied prospectively from the September 3, 1980 decision. Substantial inequity will result if all prior judgments of possession which relied on the substantive law of LSA-C.C. Art. 919 were declared invalid, and such a holding would engender new litigation in each case where there had been such a justified reliance. As noted in Lovell, where such a decision could produce substantial inequitable results if applied retroactively, there is ample basis for avoiding the injustice or hardship by a holding of non-retroactivity. Succession of Ross, 397 So.2d 830 (4th Cir. 1981), Cipriano v. City of Houston, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969).
It should be noted that appellants attempt to distinguish Brown and Ross by arguing that because they have based their allegation of unconstitutionality on the Fourteenth Amendment to the U. S. Constitution, without reliance on La.Const. Art. 1, § 3, the Brown ruling must be applied retroactively. The same argument was advanced by the petitioner in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965) wherein petitioner argued that the Supreme Court decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) was necessarily entitled to retrospective operation. In rejecting that argument, the Court stated at 381 U.S. 618, 85 S.Ct. 1731: "However, we believe that the Constitution neither prohibits nor requires retrospective effect." Furthermore, *138 in the recent decision of Kirchberg v. Feenstra, 609 F.2d 727 (5th Cir. 1979), aff'd. 450 U.S. 455, 101 S.Ct. 1195, 67 L.Ed.2d 428 (1981) the Fifth Circuit Court of Appeals declared Article 2404 of the Louisiana Civil Code unconstitutional under the 14th Amendment. The Court made the following observation:
We apply our decision today prospectively only, because a holding of retroactive invalidity of article 2404 would create a substantial hardship with respect to property rights and obligations within the State of Louisiana. The Supreme Court has said:
The actual existence of a statute, prior to [a determination of unconstitutionality], is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects,with respect to particular relations, individual and corporate, and particular conduct, private and official. Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature both of the statute and of its previous application, demand examination.
The Court concluded by stating:
Since our decision could produce substantial inequitable results if applied retroactively, we avoid that "injustice or hardship" through a holding of nonretroactivity. Cipriano v. City of Houston, 395 U.S. 701, 706, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969); Great Northern R. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 364, 53 S.Ct. 145 [148], 77 L.Ed. 360 (1932).
Therefore, in accordance with the aforementioned jurisprudence we hold that the declaration of the unconstitutionality of LSA-C.C. Art. 919 in Succession of Brown, supra, should only be applied prospectively from the September 3, 1980 decision.
Accordingly, the trial court did not err in the granting of the Motion for Summary Judgment as no genuine issue of fact is present.
For the reasons assigned, the decision of the District Court is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns brief reasons.
DOMENGEAUX, Judge, concurring.
I subscribe to the dissenting opinions in Succession of Brown, and feel that there is no mandate, state or federal, which makes it necessary to declare C.C. Art. 919 unconstitutional. However a majority of the Louisiana Supreme Court has spoken, and we have, from a realistic standpoint, no choice but to adhere to its pronouncements. Such being the case, I agree with the majority opinion here which at least diminishes the trauma of the Succession of Brown case, and applies its results prospectively.