ELLIS, Judge:
Elsie Barrow Winn died intestate on June 9, 1963, leaving three legitimate children and three illegitimate children. Her succession was opened on the petition of her legitimate children, and by ex parte judgment, dated July 18, 1973, the legitimate children were recognized as her sole heirs and sent into possession of her estate. The property involved consists of 35V!t acres of land in East Baton Rouge Parish which is alleged to remain in the possession of the legitimate children.
This suit was brought by Mrs. Winn’s illegitimate children seeking to set aside the *622 above judgment of possession and to be recognized as heirs of Mrs. Winn and sent into possession of their portion of her estate. To the petition, defendants, who are either the legitimate children of Mrs. Winn, or their .heirs, filed peremptory exceptions of no cause of action and prescription. After a hearing, the trial court sustained the exception of no cause of action and granted plaintiffs 15 days to amend their petition. When no amendment was made, judgment was signed, sustaining the exception of no cause of action and dismissing plaintiffs’ suit. From the judgment of possession, plaintiffs have appealed.
In Succession of Brown, 388 So.2d 1151 (La.1980), the court found Article 919 of the Civil Code to be unconstitutional, which had the effect of placing illegitimates on the same level with legitimate children in inheriting from their mutual parent. If Succession of Brown, supra, is applicable to this case, plaintiffs are entitled to their proportional share in the succession of their mother.
The trial judge based his reluctant holding as to the applicability of the Succession of Brown on a number of appellate court decisions to the effect that Brown should have no application before September 3, 1980, the date on which it was handed down. Since the decision in the court below, however, the Louisiana Supreme Court, in Succession of Clivens, 426 So.2d 585 (La.1982) held that Succession of Brown would be applied retroactively “in intestate successions where the rights of third parties are not involved.”
On the face of the record in this case, it involves an intestate succession in which all of the property inherited remains in the hands of either the heirs who were recognized in the judgment of possession, or their descendants. The ruling of Succession of Brown is therefore applicable.
The judgment appealed from is therefore reversed, and there will be judgment herein overruling the said exception of no cause of action and remanding the case to the trial court for further proceedings in accordance with law. All costs of this appeal shall be paid by defendants. All other costs shall await final disposition of the case on its merits.
REVERSED AND REMANDED.