PONDER, Judge.
Plaintiffs appealed from a judgment maintaining defendants’ peremptory exception of no right of action. The issue is the retroactive application of Succession of Brown, 388 So.2d 1151 (La.1980). We reverse and remand.
Joseph Seraphine, plaintiffs’ father, was married to defendant, Florence Seraphine; they had no children. During the marriage, Joseph Seraphine sold his residence to Thomas Molden,[1] a relative of Mrs. Sera-phine, for $8,000.00, but decedent and his wife continued to live in the residence. After Joseph Seraphine’s death on January 14, 1979, Thomas Molden resold the residence to Florence Seraphine for $8,000.00.
Plaintiffs, Beatrice Scott[2] and Linda McCray, alleged that they were the natural children of Joseph Seraphine. They assert that the transfer of property must be rescinded as a simulation, as a donation in *499 violation of La.C.C. Art. 1497,[3] or on grounds of lesion. They also allege that the transfer, as an excessive donation, is subject to reduction by the plaintiffs as forced heirs.
Mrs. Seraphine filed peremptory exceptions of no right of action, no cause of action and prescription.[4] The trial court overruled the exceptions of no cause of action and prescription, but maintained the exception of no right of action and dismissed the suit.
In the past, the question of the retroac-tivity of Succession of Brown, supra, has met with differing conclusions. Some courts have held that it does not apply retroactively. Succession of Layssard, 412 So.2d 135 (3rd Cir.1982); Villanueva v. Schwall, 408 So.2d 1186 (4th Cir.1982). This circuit in Succession of Richardson, 392 So.2d 105 (1st Cir.1980), writ refused, 396 So.2d 1324 (La.1981), without question applied Succession of Brown retroactively. The Supreme Court in Smith v. Stephens, 412 So.2d 570 (La.1982), while, admittedly, addressing the question of cumulation of the assertion of heirship and the claim of interest in property, nevertheless, assumed without question that Succession of Brown was retroactive. The legislature, anticipating that Brown would be retroactively applied, put a limitation of one year on those claimants who were nineteen years or older. 1980 La.Acts No. 549 § 4. See Developments in the Law, 41 La.L.R. 387.
In Succession of Clivens, 426 So.2d 585 (La.1982), on first hearing, the Succession of Brown was held to be “retroactive in intestate successions where the rights of third parties are not involved.” On rehearing, the court held that the Succession of Brown was to be applied retroactively to January 1,1975.
The instant succession is intestate. Mrs. Seraphine is not a third person. Succession of Brown is, therefore, to be applied retroactively.
Seraphine died on January 14, 1979. The Succession of Brown applies.
For these reasons, we reverse the judgment and remand the case for further proceedings. The costs are cast against the appellee.
REVERSED AND REMANDED.

. Thomas Molden has been named as a defendant, but has never been served.

. Beatrice Scott was appointed administratrix of the Succession of Joseph Seraphine and sued Scott both as administratrix and individually.

. La.C.C. Art. 1497:
The donation inter vivos shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence; if he does not do it, the donation is null for the whole.

. The grounds stated for the exceptions of no right of action and no cause of action are as follows:
“1.
That the said petition discloses no cause of action and no right of action in that the petitioners have not received a judgment of possession in the matter of the succession of Joseph Seraphine, Docket No. 39,233-‘M’, 19th Judicial District Court. Said suit was filed on March 11, 1981.
2.
That needless to say, petitioner herein alleges that they are the sole natural children of Joseph Seraphine for Article 919 of the Louisiana Civil Code prohibited illegitimate children from inheriting from their father except for the exclusion of the state until the Succession of Brown declared said article as being unconstitutional on September 3, 1980.”