SAVOIE, Judge.
Mr. Levy Bell, Jr., an employee of the City-Parish of East Baton Rouge, died intestate, on May 28, 1979, leaving $4,993.94 on deposit with the City-Parish, which he had contributed toward a retirement plan. During his lifetime, he had executed a “designation of beneficiary” naming Ms. Selina Burrell, appellee herein, to receive the funds should he die before reaching retirement. Mr. Bell remained unmarried throughout his life but left, at his death, five acknowledged illegitimate children, appellants herein. Additionally, Mr. Bell was survived by his mother and father. Since it was feared that the donation mortis causa of the fund mentioned to Ms. Burrell might impinge on the legitime of Mr. Bell’s forced heirs (either his children or his parents), the City-Parish, acting on the suggestion of the Supreme Court in T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1976) per Tate, J. at page 855 et seq., deposited the monies in the registry of court and provoked a concursus proceeding to determine all questions of entitlement thereto. A curator ad hoc was appointed to represent Ms. Burrell. Mr. Bell’s children and his parents obtained counsel and intervened. The case was submitted to the trial court for decision on stipulated facts.
The trial court concluded that the decision of the Supreme Court, T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (rehearing, May 18, 1976) was applicable to the funds in question and thus, the designated beneficiary, Selina Burrell, could only take so much of the funds as did not infringe on the legitime of the forced heirs. The trial court further held that the appellants were not the forced heirs of the decedent, but that the father and mother of the decedent were.
The first problem confronting the court below was determination of the identity of the forced heirs. Under Civil Code Articles 1493 et seq., a man’s legitimate children are his forced heirs. His parents are his forced heirs only if he leaves no legitimate children. In the case of Succession of Brown, 388 So.2d 1151 (La.1980), *228 (rehearing denied, Oct. 24th, 1980), (certiorari denied by U.S. Supreme Court, 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199), our Supreme Court struck down former Civil Code Article 919 which had disabled illegitimate children from inheritance. This holding raised illegitimates, who were able to satisfactorily prove filiation, to equal status, so far as inheritance rights are concerned, with legitimate children. The Succession of Brown court said nothing, however, on the question of the effective date of the new principle of law they announced.
However, in January, 1983, the Supreme Court decided Succession of Viola. Alexander Clivens, on rehearing, 426 So.2d 585, 1983, which stated that the principles set out in Succession of Brown shall be:
“. .. applied retroactively, as relates to testate as well as intestate successions, to January 1, 1975, the effective date of the Louisiana Constitution of 1974, as well as prospectively.”
Finding, therefore, that the Succession of Brown is to be applied retroactively in this case, we reverse the decision of the lower court and find, as a matter of law, that the appellants are the forced heirs of the decedent, Levy Bell, Jr. We further find that the acknowledged illegitimate children of the decedent, Levy Bell, Jr., appellants herein, inherit to the exclusion of the decedent’s parents.
There is insufficient evidence in the record to determine whether or not the succession of the decedent, Levy Bell, Jr., contains sufficient assets to satisfy the legi-time without the need of reducing the disposition to the appellee, Selina Burrell. For this reason, the matter is remanded to the District Court for disposition consistent with the view expressed herein. Costs in this matter are to be taxed one-half to appellants and one-half to appellees.
REVERSED AND REMANDED.