PER CURIAM.
Albert Toca, Jr. died intestate December 31, 1973. His legitimate son was placed in possession of Albert’s estate in January *1123 1974. The children of a predeceased, allegedly acknowledged illegitimate son sued March 27, 1981, for half of Albert’s estate. Had that other son been legitimate, that action would have been timely and would have resulted in a judgment in favor of his children. But La.C.C. 919 (1870) denied inheritance to an acknowledged illegitimate from a parent survived by legitimate descendants.
The petition of the children of the illegitimate son was therefore dismissed, and they appeal.
Succession of Clivens, 426 So.2d 585, 594 (La.1988), holds
that Succession of Brown [388 So.2d 1151 (La.1980)], holding La.C.C. art. 919 unconstitutional, is to be applied retroactively ... to January 1, 1975, the effective date of the Louisiana Constitution of 1974... .
Clivens upheld C.C. 919 against the illegitimate heirs of one who died September 24, 1971.
We follow Clivens to apply C.C. 919 to deaths occurring prior to January 1, 1975, as does White v. Mitchell, 426 So.2d 621 (La.App. 1 Cir.1988).
Affirmed.
REDMANN, C.J., dissents with opinion.