GUIDRY, Judge.
August Bartie, Robert L. Bartie and Olivia Bartie Fontenot intervened in the Succession of Henry Crawford Bartie, seeking the reduction of excessive donations mortis causa made by the decedent. They allege that they are the decedent’s acknowledged illegitimate children. Named as defendants were Roland Mouton, a particular legatee, and Bryant Bartie, Jr., executor and residual legatee. The plaintiffs subsequently amended their petition pleading the unconstitutionality of Louisiana Civil Code Article 1493, as it appeared prior to its amendment by 1981 La. Act No. 884, insofar as it excludes acknowledged illegitimate children. Robert L. Bartie died on April 20, 1981, and Mamie Laurence Bartie, as ad-ministratrix of his succession, was substituted as party plaintiff pursuant to La.C. C.P. Art. 801. The defendant, Roland Mouton, answered and filed several motions and exceptions including a peremptory exception of no cause of action. The trial judge rendered judgment in favor of the defendants and against the plaintiffs, sustaining the exception of no cause of action and dismissing the plaintiffs’ claims. The trial court did not consider or rule upon plaintiff’s attack upon the constitutionality of C.C. Art. 1493.
The only issue on appeal is whether the plaintiffs have stated a cause of action under the applicable laws of this state.
Henry Crawford Bartie died testate on August 4,1977. His last will and testament was duly probated. By judgment dated April 17, 1978, Roland Mouton was recognized as a particular legatee and was sent into possession of certain real estate; and Bryant Bartie, Jr., was recognized as the residuary legatee and was sent into possession of the remainder of the decedent’s property. The two legatees are the decedent’s nephews. The decedent never married.
For purpose of the exception of no cause of action, we accept as true the allegation of the plaintiffs’ petition that they are the acknowledged illegitimate children of the deceased.
In maintaining the exception of no cause of action, the trial judge relied on the decision of the Louisiana Supreme Court, on original hearing, in Succession of Clivens, 426 So.2d 585 (La.1982). In Clivens, the court was called upon to decide whether the decision in Succession of Brown, 388 So.2d 1151 (La.1980), should be applied retroactively or prospectively. In Brown, the court declared Civil Code Art. 919, as it appeared prior to its amendment by 1981 La. Acts No. 884, which barred illegitimate children from inheriting from their natural fathers in the same manner as legitimate children in intestate successions, unconstitutional on the basis of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and Article 1, § 3 of the 1974 Louisiana Constitution. In Clivens, on original hearing, the court held that Succession of Brown would be applied retroactively as to co-heirs in intestate successions, and prospectively from the date of its rendition, September 3, 1980, in testate successions and as to third parties. Because the present case involved a testate succession and the decedent died prior to September 3, 1980, the trial judge found that Clivens was controlling and that Brown would not apply retroactively to the present case. After the judgment granting the exception of no cause of action in this case, the Supreme Court rendered its decision on rehearing in Clivens. On rehearing, the Supreme Court held that Succession of Brown is to be applied retroactively, as it relates to testate as well as intestate successions, back to January 1,1975, the effective date of the Louisiana Constitution of 1974.
The defendant, however, argues that the holdings in Brown and Clivens are not con *621 trolling in the present case because the issue of forced heirship and the legitime under Art. 1493 was not before the court in those cases, which involved only Civil Code Art. 919 and the order of devolution of property in an intestate succession. They contend that any reference to testate successions is therefore dicta. Although we find this contention to be technically correct, we find the rationale of those cases to be compelling authority for reaching the same conclusions with respect to Civil Code Art. 1493 as that which the court reached with respect to Civil Code Art. 919. We therefore conclude that the plaintiffs have stated a cause of action. The ruling of the trial court sustaining the exception of no cause of action will therefore be reversed. Because the trial court did not rule upon the constitutionality of C.C. Art. 1493 or the plaintiffs’ right to a reduction of the alleged excessive donations, the case is remanded for further proceedings consistent with the view expressed herein.
REVERSED AND REMANDED.
DOMENGEAUX, J., concurs and files brief reasons.