460 So.2d 29 (1984)
In the Matter of the SUCCESSION OF Emile S. LANDRY.
No. 83-CA-1207.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Writ Denied January 29, 1985.
Edwin S. Patout, New Iberia, for plaintiff-appellant.
James J. Adams, Lafayette, for defendant-appellee.
Before GROVER L. COVINGTON, C.J., and LOTTINGER, and JOHN S. COVINGTON[*] JJ.
JOHN S. COVINGTON, Judge Pro Tem.
Plaintiff appealed the trial court's judgment which dismissed plaintiff's suit, wherein plaintiff sought to annul a donation inter vivos, establish filiation and to be placed in possession of the property of the succession.
The sole issue presented in this case is whether the trial court erred as a matter of law in holding that plaintiff had no cause or right of action to seek to annul donations inter vivos made to defendants, to be recognized as an heir and to be placed in possession of the undisposed property of the unopened succession of Emile S. Landry.
Emile S. Landry died intestate in January of 1971. His succession has never been judicially opened. The decedent was married but once and then to Aggie Aucoin Landry. Of this marriage, two children were born, namely, Doris Landry Hebert and Beryl Landry Williams, the defendants herein. On August 26, 1966, Emile S. Landry donated certain immovable property to his daughters, Doris and Beryl. On January 22, 1981, appellant, Gladys Landry Pellerin filed this suit against defendants, alleging that she is an acknowledged illegitimate child of Emile S. Landry.
We affirm the trial court's dismissal of this action.
Appellant asserts that she has a cause and right of action to seek to annul the donation under the provisions of La.C.C. art. 1497[1] as amended by Act No. 641, *30 1982. Appellant urges that this article provides additional remedies for illegitimate children and that therefore, the Louisiana Supreme Court's holding in Succession of Clivens, 426 So.2d 585 (La.1980), on rehearing, that the Succession of Brown, 388 So.2d 1151 (La.1980), would only be retroactive to January 1, 1975, is inapplicable to the instant suit. Appellant specifically refers to Paragraph B of this article, which states that the provisions of the article are to be given retroactive effect and provides a one-year grace period for those persons whose rights were adversely affected under the provisions of the article. Appellant argues that the legislative intent, in amending La.C.C. art. 1497, was to provide illegitimate children with the right to bring an action to annul a donation inter vivos.
We disagree. La.C.C. art. 1497 was not amended to create new actions for illegitimate children but was amended rather to foster the stability of titles to immovable property by providing that third persons who have acquired immovable property from a donee pursuant to an onerous transaction have acquired a clear title. Therefore, we find that appellant does not fall within the class of individuals intended to be protected by the one year grace period.
We find that Succession of Brown, supra, and Succession of Clivens, supra, control our disposition of the present case. Succession of Brown held La.C.C. art. 919, which denied inheritance to an acknowledged illegitimate from a parent survived by legitimate descendants, to be unconstitutional. Thereafter, in Succession of Clivens, the Supreme Court held that Succession of Brown is to be applied retroactively, but only to January 1, 1975, the effective date of the Louisiana Constitution of 1974. In Clivens, the Supreme Court upheld La.C.C. art. 919 against the illegitimate heirs of a decedent who died prior to January 1, 1975.
Appellant contends that Succession of Clivens is distinguishable from the present case in that this case involves a succession that has never been judicially opened. Appellant suggests that because of this factor, the reasons for limiting the retroactivity of Succession of Brown are not present and that accordingly, the equal treatment to illegitimates mandated by Brown should be accomplished. Appellant argues pursuant to Succession of Trosclair, 423 So.2d 745 (La.App. 4th Cir.1982), that no property has been acquired based on the old rule, there has been no reliance on the prior law, no prior judgments have to be overturned and no injustice or hardships would result from a retroactive application of Brown to this case.
Once more, we disagree with appellant. According to La.C.C. arts. 940 and 941, a succession is opened and the heirs are immediately seized with ownership of the property of the succession upon the death of the deceased. Therefore, we are not persuaded by appellant's argument that a procedural formality, such as the judicial opening of a succession, should be a determining factor regarding inheritance rights. Substantive rights of inheritance in and to the succession property are determined by the applicable substantive law in effect on the date of the death of the deceased. Harlaux v. Harlaux, 426 So.2d 602 (La.1983), Succession of Theriot, 428 So.2d 1017 (La.App. 1st Cir.1983).
*31 Therefore, since plaintiff's alleged father died in 1971, and since Clivens mandates the application of La.C.C. art. 919, we hold that the trial court was correct in its judgment that plaintiff's petition states no cause or right of action.
For the above reasons, the judgment of the trial court is affirmed at the cost of the appellant.
AFFIRMED.
NOTES
[*] Judge John S. Covington of the 19th Judicial District Court has been duly elected to this court; that term begins on January 1, 1985. In the interim, the Supreme Court has appointed him to this court pro tempore.
[1] Art. 1497. Nullity of donation inter vivos of entire patrimony

A. The donation inter vivos shall in no case divest the donor of all of his property; he must reserve to himself enough for subsistence. If he does not do it, a donation of a movable is null for the whole and a donation of an immovable is null for the whole unless the donee, as to such immovable, has alienated by onerous title the immovable given to him. Except as provided in paragraph B hereof, if a donee has alienated by onerous title the immovable which has been given to him, the donation of such immovable shall not be declared null on the ground that the donor did not reserve to himself enough for his subsistence; however, the donee is bound to return the value that the immovable had at the time of its donation to the donee.
B. The provisions of this article are hereby made retroactive to any donation inter vivos made prior to September 10, 1982. Any person whose rights are adversely affected under the provisions of this article and whose rights have not prescribed or otherwise been extinguished or barred on September 10, 1982 shall have one year from that date to initiate an action or proceeding to declare null a donation inter vivos as provided herein or be forever barred from exercising such right or cause of action. Amended by Acts 1982, No. 641, § 1.