DOMENGEAUX, Judge.
Alice Alexander Robertson died intestate on March 6, 1970. She was survived by her husband, Charlie Robertson; an adopted daughter, Jeannie Mae Robertson Webb; and an acknowledged illegitimate son, Clarence Minor, Jr.
On March 3, 1971, Jeannie Mae Robertson Webb executed a cash sale in which she sold to her adoptive father, Charlie Robertson, all of her “rights, titles, and interest in and to the succession of her deceased adoptive mother, Alice Alexander Robertson.” The act of sale described the property which made up the estate of Alice Robertson and stated that the sale of the succession was for a consideration of $2,750.00. The act of sale was duly recorded in the conveyance records of Iberia Parish.
Charlie Robertson died testate on April 1, 1979, possessing the assets of Alice Robertson’s estate.
Subsequent to Charlie Robertson’s death, succession proceedings were commenced for both his and Alice Robertson’s estates.
On May 27, 1980, Clarence Minor, Jr., individually and as administrator of the estate of Alice Robertson; and Jeannie Mae Robertson Webb filed suit against the legatees[1] and estate of Charlie Robertson. The petition urged that Minor and Webb be recognized as the heirs of Alice Robertson and that they be placed in judicial possession of the assets of her estate. The plaintiffs claim that Clarence Minor, Jr. is the acknowledged illegitimate son of Alice Robertson and thereby entitled to inherit from her estate. The petition further urged that the cash sale of Alice Robertson’s succession be annuled due to fraud and' error.
The defendants answered the lawsuit and filed an exception of no right and no cause of action to the lawsuit of Clarence Minor, Jr.
The plaintiffs’ lawsuit was then consolidated with the succession proceedings of Alice Robertson and Charlie Robertson.
At trial defendants’ counsel stipulated that Clarence Minor, Jr. was the acknowledged illegitimate child of Alice Robertson. Nevertheless, the district court held that Minor was precluded from inheriting from Alice Robertson’s estate and dismissed his claim. The trial court based its decision on Succession of Clivens, 426 So.2d 585 (La.1982), and Succession of Brown, 388 So.2d 1151 (La.1980).[2]
*511 The district court also ruled that the sale of the succession entered into between Jeannie Mae Robertson Webb and her adoptive father, Charlie Robertson, would not be annuled. The trial judge premised his decision upon the plaintiffs failure to prove any facts constituting fraud or error sufficient to vitiate her consent.
The issues presented on this appeal are: (1) Whether the trial court erred in dismissing the claim of the acknowledged illegitimate, Clarence Minor, Jr., by refusing to allow him to inherit from his mother when other lawful descendants survived. (2) Whether the trial court erred in failing to declare the sale executed by Jeannie Mae Robertson Webb and Charlie Robertson an-nuled for lack of consent.
ISSUE I
Plaintiffs allege that the district court was in error for holding that an acknowledged illegitimate child could not inherit from his natural mother when there are other lawful descendants.
Clarence Minor, Jr. is the acknowledged illegitimate son of Alice Robertson. The district judge ruling from the bench assigned oral reasons for dismissing Mr. Minor’s ease. The judge’s remarks were transcribed into the record and although he cited no Civil Code Articles as authority for his decision we gather that the essence of his ruling was that La.C.C. Art. 918 (repealed 1981) governed Clarence Minor, Jr.’s inheritance rights. La.C.C. Art. 918 excluded acknowledged illegitimate children from participating in the succession of their mother when she was survived by legitimate descendants. The trial judge did, however, state that Succession of Brown, supra, and Succession of Clivens, supra, would be of no avail to Minor as Alice Robertson died in 1970, prior to the effective date of those cases.
Mr. Minor argues on appeal that despite the fact that his mother died in 1970 her succession was not opened until May 27, 1980, and therefore the law in effect at the time of the opening of the succession as interpreted by Succession of Brown, supra, and Succession of Clivens, supra, should govern.
At the time of Alice Robertson’s death in 1970, La.C.C. Arts. 918 and 919 were still in effect. Pertinent to this case is La.C.C. Art. 918 which before its repeal in 1981 stated:
“Natural children are called to the legal succession of their natural mother, when they have been duly acknowledged by her, if she has left no lawful children or descendants, to the exclusion of her father and mother and other ascendants or collaterals of lawful kindred.
In case the natural mother has lawful children or descendants, the rights of the natural children are reduced to a moderate alimony, which is determined by the rules established in the title: of father and child.”
In 1980 the Louisiana Supreme Court in Succession of Brown, supra, held La.C.C. Art. 919 unconstitutional. That Article is similar to the above quoted Article except that in 918 acknowledged illegitimates are excluded from inheriting from their mother when lawful descendants survive, while Article 919 excludes acknowledged illegiti-mates from participating in the succession of their father when he is survived by legitimate descendants, ascendants, collateral relatives, or a surviving spouse.
Succession of Clivens, supra, determined that the holding of Succession of Brown, supra, would have a limited retroactive effect, to-wit: January 1, 1975, the effective date of the 1974 Constitution.
In 1981 the Louisiana Legislature repealed La.C.C. Arts. 918 and 919.
It is important to note at this juncture that Succession of Brown, supra, and Succession of Clivens, supra, deal only with the unconstitutionality of La.C.C. Art. 919. Therefore, the trial judge and plaintiff are in error for using those cases as a premise for their respective positions, inasmuch as this case involves La.C.C. Art. 918.
La.C.C. Art. 918, although repealed, has never been held unconstitutional. That be *512 ing the case, Art. 918 would govern factual situations which arose before the repeal.
We are not here required to consider the constitutionality of La.C.C. Art. 918, inasmuch as this Article has already been repealed.
Furthermore, simple logic applied to the facts of this case require us to ignore the issue of the constitutionality of La.C.C. Art. 918.
The essential similarities between La. C.C. Art. 918 and La.C.C. Art. 919 lead us to presume that were the Supreme Court called upon to determine the constitutionality of La.C.C. Art. 918 it would do so by incorporating the same rationale used in Succession of Brown, supra, and Succession of Clivens, supra.
In Succession of Clivens, supra, the Louisiana Supreme Court stated that the arbitrary discrimination against illegitimates is constitutionally prohibited by Article 1, Section 3 of the 1974 Louisiana Constitution. The Supreme Court went on to state that such being the case, the effect of any court decision holding an Article or statute unconstitutional on such grounds could only be furthered by a retroactive application of the decision to the effective date of the 1974 Louisiana Constitution. (January 1, 1975).
In other words, the inheritance rights of illegitimates whose ascendants died prior to January 1, 1975, would continue to be controlled by the Louisiana Civil Code Articles then in effect. The rights of those illegiti-mates whose ascendants died after January 1, 1975, would be governed by the Louisiana Civil Code as limited by the 1974 Louisiana Constitution and the holdings of Brown, supra, and Clivens, supra.
Were we to hold Article 918 unconstitutional using the rationale of Brown, supra, the holding and rationale of Clivens, would require a limited retroactive application of our decision to January 1, 1975. Inasmuch as Alice Robertson died in 1970, five years prior to the effective date of the 1974 Louisiana Constitution, one can readily ascertain that in this situation holding La.C.C. Art. 918 unconstitutional would be futile, as the rationale of Clivens, supra, would require that the inheritance rights of her acknowledged illegitimate descendant be governed by the Louisiana Civil Code Articles in effect in 1970.
We hold that the law in effect at the date of the De Cujus’ death governs the inheritance rights of the heirs. See Succession of Clivens, supra.
As Alice Robertson died in 1970, Article 918 dictates the inheritance rights of her acknowledged illegitimate child. A strict codal interpretation of Civil Code Article 918 precludes the acknowledged illegitimate Clarence Minor, Jr. from inheriting from his natural mother because at the time of her death she had a legitimate child, Jeannie Mae Robertson Webb. We affirm the decision of the district judge.
ISSUE 2
Plaintiffs contend that the trial court erred by refusing to annul the sale of Alice Robertson’s succession entered into between Jeannie Mae Robertson Webb and Charlie Robertson. Mrs. Webb alleges that she did not voluntarily consent to the sale because of an alleged fraud perpetrated upon her by her adoptive father and because of error.
The district court judge ruled that the sale would not be annuled as there was insufficient evidence to prove fraud or error adequate to vitiate her consent.
Jeannie Mae Robertson Webb was adopted by Charlie and Alice Robertson on June 30, 1948. She lived with her adoptive parents from the age of 4 or 5 until she left their home at the age of 18.
Subsequent to Alice Robertson’s death Mrs. Webb approached her adoptive father and inquired as to the whereabouts of her adoption papers. Charlie Robertson declared that he did not know where the adoption papers were and that he had not seen them.
Mrs. Webb claims that because of her father’s declaration and her inability to locate her adoption papers she became appre *513 hensive as to her ability to prove her adoptive status and whether she had in fact been adopted. She argues that her sole motivation in confecting the sale was her fear that she could not prove that she was the adopted daughter of Alice Robertson. She claims that the fear resulted from a. fraud perpetrated upon her by her father by his telling her he did not know where the adoption papers were and that he had not seen them. Plaintiff further avers that her inability to find the adoption papers led to error on her part as to her status and her rights as an heir.
The rights, title, and interest to a succession are a proper subject of a sale. La.C.C. Arts. 2448, 2449, 2450, 2451, 2454, and 2513. A sale is a conventional obligation.
One of the requisites for the validity of a conventional obligation is that the parties consent to the terms of the contract. La. C.C. Art. 1779.
“Error and/or fraud in contracts negatives the idea of free consent. Their existence, when timely presented to a court of justice, frees the victim of any obligation incurred by or through their influence.” La.C.C. Arts. 1819, 1821, 1847. Searcy v. Novo, 188 So. 490 (La.App. 2nd Cir.1939)
Whether a contract should be an-nuled because fraud or error vitiates the consent of one of the parties is a factual question to be decided by the district court.
Absent manifest error, the trial court’s determination of factual issues will not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), (rehearing denied 1979).
In the instant case, the district judge determined that there was insufficient evidence of fraud or error to vitiate the consent of Jeannie Mae Robertson Webb and therefore the sale was valid.
Evidence adduced at trial shows that Mrs. Webb was 27 years of age when she entered into the sale. She had a high school education and was able to read and write. Mrs. Webb was a married woman who had lived away from the influence of her family for 10 years at the time of the sale.
We cannot hold that the trial judge committed manifest error when he made the factual determination that the apprehensions created in Mrs. Webb’s mind were not the result of fraud. Mrs. Webb was merely told by her father that he did not know where the adoption papers were nor had he seen them. As the trial judge noted, there is no evidence that the papers were not lost or that Mr. Robertson did know where they were. There is simply no evidence in the record from which we can conclude that Charlie Robertson perpetrated a fraud upon his adopted daughter.
Nor is there any evidence that would lead us to hold that the district judge committed manifest error for making a factual determination that no error was present. The plaintiff claims that because she was in error as to her status and rights her signing the act of sale was in error. She claims to have signed the contract thinking the $2,750.00 she received was a “gift” from her father.
Mrs. Webb was of sufficient age and intellect when she signed the sale contract to realize what her actions involved. The contract is replete with the terms: Cash sale, seller, sales, and purchaser. A simple reading of the sale contract would have put her on notice that she was selling her inheritance rights.
A basic precept of contract law is that a party may not avoid the provisions of a contract he signs but fails to read or have explained to him. Louisiana Savings Association v. Trahan, 415 So.2d 592 (La.App. 3rd Cir.1982).
We hold that the decision of the district judge that there was insufficient evidence of fraud or error to vitiate the consent of Jeannie Mae Robertson Webb was not manifestly erroneous and we therefore affirm his decision.
For the above and foregoing reasons the decision of the district court is hereby af *514 firmed. All costs are assessed to plam-tiffs-appellants.
AFFIRMED.
GUIDRY, J., concurs and assigns reasons.

. Charlie Robertson's legatees were his legitimate children from a previous marriage.

. The author disagrees with the Brown case. See concurring opinion, Succession of Layssard, 412 So.2d 135 (La.App. 3rd Cir.1982). See also concurring opinion, Succession of Payne v. Payne, 426 So.2d 1355 (La.App. 3rd Cir.1983).