GONZALES, Judge,
concurring.
I write separately to address the dissenting opinion by Judge Whipple and to address the vagueness of La.C.C. art. 203. It is significant that three judges of this Court disagree with the majority’s interpretation of this civil code article. The problem is the *258 legislation itself and the solution lies with the legislature.
The fundamental issue in this case is interpretation of the language in La.C.C. art. 203, wherein the legislature has stated that a formal acknowledgment of an illegitimate child “may be made in the registering of the birth or baptism of such child.” The majority opinion and other cases cited therein state that “registering” means “signing.”
Where legislation is vague, as is the case in La.C.C. art. 203, it opens the door for the court to clarify the legislation. The majority’s determination that “registering” means “signing” is a determination that imposes a relatively high degree of proof upon the person attempting to prove formal acknowledgment. It eliminates the possibility of oral testimony about things that were said or done at the baptism of the child and it requires an act that must be contemporaneous with the events. A more liberal interpretation of La.C.C. art. 203 is espoused by Judge Whipple in her dissenting opinion. She suggests a “totality of the circumstances” approach which would allow a lesser degree of proof about the events surrounding the baptismal ceremony. This approach is used in La.C.C. art. 209, which allows proof of filiation by “a preponderance of the evidence in a civil proceeding.” However, La.C.C. art. 209 places an important limitation on the filiation action, stating in part, “The proceeding required by this article must be brought within one year of the death of the alleged parent or . within nineteen years of the child’s birth, whichever first occurs.” If this court opened La.C.C. art. 203’s formal acknowledgment |2to a “totality of the circumstances” test, many problems could arise because there is no time limitation for claims brought under La.C.C. art. 203.
Requiring a person to make a declaration before a notary and two witnesses, as in La.C.C. art. 203(A), produces a document that has high evidentiary value. Since “registering of the birth or baptism” is an alternative method of formal acknowledgment given in La.C.C. art. 203(A), that process should produce an equally high quality of evidence. It is not logical to have disparate methods of formal acknowledgment. The signing of the birth or baptismal records by a parent in a capacity identified as such comes closer to the authentic act from an evidentia-ry point of view.
Kathryn Shaw Spaht, a noted authority in the area of family law, has observed: “Yet, even in the United States Supreme Court decisions, the interest the state has in the quality of proof necessary to establish filiation has been recognized as important, particularly in view of the problems of stability of land titles and stale or spurious claims.” K.S. Spaht, 41 La.L.Rev. 372, 382, Developments In The Law 1979-1980. (Footnote omitted.) As stated above, determining the quality of proof the legislature intended to apply to La.C.C. art. 203 is problematic because of the use of the word “registering.”[1] The phrase “registering of the ... baptism” is imprecise. The legislature should amend La.C.C. art. 203 to provide that formal acknowledgment via baptism records means that the baptism records must be signed, contemporaneously with the events, in a place and manner clearly indicating the parental relationship.

. This area of the law was heavily amended in the late 1970's and early 1980’s, and much of the amending was done at the instance of the Louisiana Law Institute. These amendments were prompted, of course, by significant court actions, such as Succession of Brown, 388 So.2d 1151 (La.1980), Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), and Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978). The Lalli court, in fact, opened the door for the time limitation placed on these claims in La.C.C. art. 209 when it said "Because of the particular problems of proof, spurious claims may be difficult to expose." Lalli v. Lalli, 439 U.S. at 271, 99 S.Ct. at 526. It is this important state interest that allowed the time limitations of La.C.C. art. 209 to pass constitutional scrutiny.