|,GUIDRY, J.
In this succession proceeding, appellants, Charles B.W. Palmer and Rina M. Palmer, appeal a portion of the trial court’s judgment, which orders proceeds from the sale of a 3.82 acre tract of land on Duncan Avenue, also known as “Catha Place,” to be paid to E. Digby Palmer. For the reasons that follow, we reverse.
FACTS AND PROCEDURAL HISTORY
Martina Ellis Biick (Martina Buck) died on February 10, 1996. In a will executed on September 10, 1991, Martina Buck left a 3.82 acre tract of land, located on Duncan Avenue in Amite, Louisiana, to her nephew, E. Digby Palmer. However, pri- or to Martina Buck’s death, the 3.82 acre tract of land was sold for cash by Martina Buck’s curator.
In 1995, interdiction proceedings were instituted whereby Rina Palmer became the curatrix of Martina Buck. In order to provide for the continued care of the interdict, Rina Palmer sought approval of the court to sell several pieces of property, including the 3.82 acre tract of land on Duncan Avenue. In a judgment dated March 29, 1995, the court authorized Rina Palmer, as curatrix of Martina Buck, interdict, to sell at private sale to Irwin and Margaret Cohen the 3.82 acre tract of land on Duncan Avenue for $22,000.00. The court subsequently ratified this sale in a judgment dated March 3, 1996.
Following Martina Buck’s death, a hearing was held on September 16, 1998, pursuant to a rule to'show cause filed by the administrator, Lee Gray. In a judgment signed on October 16, 1998, the trial court ordered that the probated will and codicil proceed accordingly, authorized the administrator to prepare an inventory and obtain appraisals, and ordered the administrator to send the litigants and heirs the proposed method of distribution by November I,1998.
Following a November 20, 1998 hearing on the proposed method of distribution, a subsequent hearing was held on January II, 2001. In a judgment | ^signed on January 25, 2001, the trial court ordered the proceeds from the sale of the property known as “Catha Place” to be paid to E. Digby Palmer in an amount corresponding to the actual sale price of the property in the interdiction of Martina Buck.
In response to the trial court’s January 25, 2001 judgment, Charles Palmer and Rina Palmer filed a motion for new trial on *477 May 16, 2001,[1] which was subsequently denied by the trial court in a judgment dated July 13, 2001. Thereafter, on August 23, 2001, Charles Palmer and Rina Palmer filed a timely motion for a limited devolutive appeal.
ASSIGNMENT OF ERROR
In this limited devolutive appeal, Charles Palmer and Rina Palmer assert that the trial court erred as a matter of fact and law in ordering the proceeds from the sale of the 3.82 acre tract of land on Duncan Avenue to be paid to E. Digby Palmer.[2]
STANDARD OF REVIEW
A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that is manifestly erroneous or clearly wrong. Succession of Mydland, 94-0501, p. 3 (La.App. 1st Cir.3/3/95), 653 So.2d 8, 10. Before an appellate court may reverse a fact-finder’s determinations, it must find from the record reviewed in its entirety that a reasonable factual basis does not exist for the finding and that the finding is clearly wrong. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
When a question of law is involved, however, appellate review consists of determining whether the trial court was legally correct or legally incorrect. Succession of Mydland, 94-0501 at 3, 653 So.2d at 11. As such, the appellate court gives no special weight to the findings of the trial court but rather, exercises its constitutional duty to review questions of law and render judgment on the record. A.K. Durnin Chrysler-Plymouth, Inc. v. Jones, 01-0810, p. 3 (La.App. 1st Cir.5/10/02), 818 So.2d 867, 869.
DISCUSSION
It is well settled that the law in effect at the time of the decedent’s death controls the substantive rights of inheritance in and to the succession property. See Succession of Landry, 460 So.2d 29, 30 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1249 (La.1985). Martina Buck died in 1996 and at that time, the law controlling the validity of the bequest of property at issue in this case was found in Louisiana Civil Code articles 1690 through 1711, which deal with revocation of testaments and lapse of testamentary bequests.[3]
According to these Civil Code articles, the caducity or inheritable quality of a donation mortis causa can be destroyed or rendered ineffective by revocation by the testator or lapse of the legacy. Spiller v. Herpel, 357 So.2d 572, 574 (La.App. 1st Cir.), writ denied, 358 So.2d 637 (La.1978). Revocation, by the act of the testator himself, can be express or tacit, general or particular and can be accomplished by another testament or by the alienation of the thing bequeathed by donation or sale. La. C.C. arts. 1691, 1692, and 1695 (1996). Lapse of a legacy or inheritance occurs if (1) the instituted heir or legatee does not survive the testator; (2) the thing bequeathed has totally perished during the *478 lifetime of the testator; (3) the instituted heir or legatee rejects the disposition, or is incapable of receiving it; (4) there is a posterior birth of a child to the testator or a subsequent adoption of a child by the testator, unless the testator has declared in the testament that such an event shall not revoke the testament; or (5) the testamentary disposition is revoked |Bon the grounds established by law. See La. C.C. arts. 1697, 1700, 1703, 1705, and 1710 (1996).
In the present case, Charles Palmer and Rina Palmer assert that the prior sale of the 3.82 acre tract of land on Duncan Avenue, by Martina Buck’s curator, resulted in a revocation, or alternatively, created a lapsed legacy, and that the proceeds from said sale could not legally go to E. Digby Palmer. This court was previously faced with this same issue in Spiller v. Herpel, 357 So.2d at 578, where, in adopting the opinion of the trial court, we found that the particular legacy at issue had lapsed and that the proceeds from the sale could not go to the named legatee, but devolved to the universal legatee.
In Spiller, the testatrix executed a will containing a bequest giving her nephew all of her interest in the land and residence located at a particular address. The testatrix subsequently moved into a nursing home and was interdicted. Thereafter, the curator filed a petition seeking authorization from the court, which was ultimately granted, to sell the residence, as it was vacant and deteriorating. Following the sale of the property at issue, the proceeds were placed into the testatrix’s account and were later loaned to a family corporation, which loan was represented by a promissory note. Following the death of the testatrix and the admission of her will to probate, the legatee named in the will to receive the residence made demand on the executor for delivery of the legacy bequeathed to him and later filed suit, demanding delivery of the legacy or the value thereof.
The appellants contend in the present case that in accordance with Spiller, we should find that the bequest of the 3.82 acre tract of land was revoked or lapsed. We first note that in Spiller, as in the present case, there was no revocation because the Civil Code contemplates that revocation of a testamentary bequest can only be made by the act of the testator personally, and not by a third person or someone acting on the testator’s behalf. Spiller v. Herpel, 357 So.2d at 575. It is | undisputed in the instant case that the curatrix, Rina Palmer, sold the 3.82 acre tract of land at issue and that the sale was not approved or consented to by the interdicted owner, Martina Buck. Therefore, this sale of the property could not have constituted a revocation.
Additionally, in Spiller we examined the law regarding lapse of a legacy and in particular, La; C.C. art. 1700, which states that “[t]he legacy falls if the thing bequeathed has totally perished during the lifetime of the testator.” In adopting the opinion of the trial court as our own, we concluded, in accordance with La. C.C. art. 1700, that the alienation of the thing bequeathed by the curator of an interdict, observing all legal formalities and in due course of his administration, caused the legacy to lapse so that the legatee can claim neither the value thereof nor the price still due. Spiller v. Herpel, 357 So.2d at 575.
Further, because the proceeds from the sale in Spiller were still a part of the estate at the time of decedent’s death, we examined whether the named legatee was entitled to those proceeds. In further adopting the opinion of the trial court, we found that “[sjince it has been held that a particular legatee is not entitled to the *479 proceeds of the sale of a revoked legacy, it would seem therefore that by analogy the same rule must also be applicable in the situation of a lapsed legacy.” Spiller v. Herpel, 357 So.2d at 577. In arriving at this conclusion, we looked to the jurisprudence interpreting revoked legacies, in particular Succession of Batchelor, 48 La.Ann. 278, 19 So. 283 (1896),[4] which reasons that a thing is regarded as having perished, not only when it has been destroyed but also when it has been changed into another thing or substance, as the thing bequeathed has undergone an absolute change, insofar as it relates to title and character of the property owned. Spiller v. Herpel, 357 So.2d at 577.
| ./Turning now to the instant case, we find, based on the law of lapsed legacies as outlined above, that the trial court erred in ordering E. Digby Palmer to be paid the proceeds from the sale of the 3.82 acre tract of land, referred to as “Catha Place.” From the limited record before us, it appears that Rina Palmer, as cura-trix for Martina Buck, complied with all formalities of law in selling the 3.82 acre tract of land. Rina Palmer properly petitioned the court, with concurrence of the under-curator, for authorization to sell the 3.82 acre tract of land so that emergency funds could be obtained to provide for the continued care of Martina Buck. See La. C.C. art. 4271. Thereafter, the court issued a judgment, authorizing the sale of the 3.82 acre tract of land for $22,000.00 cash to Irwin and Margaret Cohen. The court later ratified this sale, whereupon all objections in opposition to the ratification were denied.
Additionally, while the record does evidence some allegations by the administrator and Robert Palmer as to the validity of the sale, it does not contain any allegations of fraud on the part of the curatrix, Rina Palmer, in the sale of the 3.82 acre tract of land. The only basis for the challenge, found in a rule to show cause filed by the administrator, is the belief of the administrator that based on the financial records of the decedent, the sale of the 3.82 acre tract of land was not necessary for the continued care of Martina Buck during her life. However, the law has long held that a curator may sell the property of an interdict for any purpose. See La. C.C.P. arts. 4301 and 4554 (1996) (emphasis added).[5] Indeed, the record shows the purpose in. selling the 3.82 acre tract of land, in addition to selling other pieces of property, was to obtain funds to pay the sitters hired to care for Martina Buck, in keeping with Rina Palmer’s duty as curatrix to act in the best interest of the interdict. Therefore, based on the law and facts as outlined above, |swe find that the trial court erred in ordering the proceeds of the sale of “Catha Place” to be paid to E. Digby Palmer as the sale by the curatrix caused the legacy to E. Digby Palmer to lapse.
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trail court. All costs of this appeal are to be borne equally by *480 appellees, Lee Gray, Eleanor Dameron, Martina Ellis, Robert Ellis, Nancy Ellis, Robert Palmer, and E. Digby Palmer.
REVERSED.
FITZSIMMONS, J., concurs and assigns reasons.

. Notice of the January 25, 2001 judgment was not mailed until May 11, 2001.

. We discern this assignment of error from appellants Motion and Order for Limited De-volutive Appeal and appellants’ assignment of error number four as contained in their brief. We do not address the remaining assignments of error contained in appellants' brief because they pertain to the alleged misconduct of the administrator, which is not properly before us at this time.

.The Louisiana Law of Successions was revised in 1997 by 1997 La. Acts 1421, to be effective July 1, 1999.

. In Succession of Batchelor, the testator bequeathed a promissory note, which was later collected and transferred into cash. The supreme court held that the legacy was the note and not a sum of money and therefore the legatee was not entitled to the money remaining in the estate from the note.

. The interdiction and curatorship articles of the Louisiana Code of Civil Procedure and the Louisiana Civil Code were revised effective July 1, 2001, pursuant to 2000 La. Acts 1st Ex.Sess. 25. The portion of La. C.C.P. art. 4554, which provides for the application of La. C.C.P. art. 4301 to the curatorship of interdicts, was reproduced in La. C.C.P. art. 4566.